CUSTOM EQUIPMENT COMPANY, a
partnership, Appellant,

v.

Warren YOUNG, d/b/a Western
Sanitation, Appellee.

No. 48798.

Court of Appeals of Oklahoma,
Division 2.

Dec. 21, 1976.

Released for Publication by Order of
Court of Appeals Jan. 13, 1977 and
April 27, 1977.

Merson, Campbell & Dick, Oklahoma City, for appellant.

Young, Daubert & Garstang, Inc., Tulsa, for appellee.

BRIGHTMIRE, Judge.

Custom Equipment Company, a partnership, brought this action August 2, 1974, to recover the balance due on a verified account from Warren Young as sole proprietor of Western Sanitation, a waste disposal business. At the close of Custom's evidence the trial judge, in a jury-waived trial, sustained defendant Young's demurrer to plaintiff's evidence provoking this appeal.

## I

■ Defendant entered his appearance in this case on November 4, 1974, and filed an unverified general denial on May 14, 1975. On June 25, 1975, the parties waived a jury and began trial to the court. The order sustaining defendant's demurrer to the evidence recites that the court "finds that the defendant, Warren Young, was doing business with the plaintiff in his capacity as President of Western Sanitation Co., Inc., and that plaintiff failed to sue the defendant as a corporate entity." Plaintiff's motion for a new trial was overruled July 18, 1975, and on the 18th day of the following month this appeal was commenced. Two days later—because no stenographic notes of the evidence or proceedings were made—plaintiff filed a narrative statement of the evidence and proceedings pursuant to Civil Appellate Procedure 1.22, 12 O.S.1971, Ch. 15 App. 2.[1] Defendant did not file an ob-

---

1. Rule 1.22 states:

"Preparation of narrative statement of trial or proceedings

If no stenographic report of the evidence or proceedings at a hearing or trial was made or if a transcript of the reporter's notes cannot be prepared, the party desiring to take the appeal (or any other party) may prepare a statement of the evidence or proceedings in the narrative form from the best available means, including his recollection, for use in lieu of a stenographic transcript. Where no stenographic report was made, this statement shall be filed with the court clerk and submitted to the opposite par-

jection or propose an amendment to the statement within 10 days after receiving it as required by the rule nor was an extension of time requested and therefore the statement became a proper part of the official record to be used in deciding the legal issue raised by plaintiff in its petition in error.

## II

■ According to the record only one witness testified at the trial and that was John Pritner, a general partner of Custom Equipment. He testified that in February or March 1973 an H & R Disposal Service representative (presumably Warren Young) negotiated with him (the witness) for the right to dump trash and waste in plaintiff's sanitary landfill in Oklahoma County. Pritner said that before he extended any credit he asked who the owner of H & R was and defendant told him he (Young) was its sole proprietor and to bill him at an Oklahoma City address. H & R's trucks started using plaintiff's landfill facility though the names on the trucks were later changed to Western Sanitation. Shortly after this lawsuit was filed plaintiff received a check from defendant, which was placed in evidence, dated August 1, 1974 payable to the order of Custom Equipment Co. in the amount of $104.50 and drawn on the account of "H & R Disposal Service" with The First National Bank of Tulsa and bears what appears to be the signature of "Warren F. Young."

Pritner further testified that after filing this lawsuit he learned that Western Sanitation had been incorporated.

The verified account sued on, not having been the subject of a verified denial, must be taken as true. 12 O.S.1971 § 286.

## III

■ As we view the record plaintiff pleaded and proved a cause of action against defendant Young for the recovery of $1,254. Under the evidence adduced plaintiff contracted with and extended credit to Warren Young as an individual in regard to use of the landfill. Custom Equipment did not extend credit to any entity, corporate or otherwise, relating to the Young disposal operation, nor did it have any pre-suit notice that its contractee had at some undisclosed time incorporated, either expressly or constructively under the provisions of 18 O.S.1971 § 1.11(a)—an act requiring all corporate names to end with either "company," "incorporated," "corporation," or "limited," or an abbreviation of one of these words.

■ Assuming defendant was acting as president of a corporation in contracting with plaintiff as he contends he was, the only evidence recorded at this point is that he failed to disclose such agency to plaintiff the legal consequence of which was to render himself personally liable for the credit extended. *Moran v. Loeffler-Greene Supply Co.*, Okl., 316 P.2d 132 (1957).

■ Defendant's further contention, that the check he sent plaintiff clearly disclosed he was acting in a representative capacity, is without merit. The words "H & R Disposal Service" implies no more than an account designation or at the most a trade name. The appellation does not end with any word statutorily connoting incorporation as required by the earlier mentioned statute. If anything the check strongly suggests the maker is a sole proprietor do-

ties within ten (10) days after the filing of the petition in error; where a transcript of the court reporter's notes cannot be prepared, this statement shall be filed with the court clerk and submitted to the opposite parties within twenty (20) days after the party desiring to appeal discovers that the reporter's notes are unavailable or cannot be transcribed. These time limits may be extended by the trial court for good cause shown. The statement that is filed shall contain a certificate that copies have been submitted to the opposite parties. The

opposite parties may object or propose amendments to the statement within ten (10) days after receipt. If there be objections or proposed amendments, the statement, with the objections or proposed amendments, shall be submitted to the trial court for settlement, and as settled included by the clerk in the record on appeal. If no objection is filed within the prescribed time, the clerk shall give notice to the parties and to the clerk of this court that the record is complete and ready for transmission."

ing business as H & R Disposal Service and therefore corroborates the substance of Pritner's testimony. Under the provisions of the Uniform Commercial Code one who signs an instrument must, if he is to escape personal liability, set out the name of the principal before or after "the name and office of an authorized individual." 12A O.S.1971 § 3–403. Here reference to an office is absent.

We hold the demurrer should have been overruled.

## IV

Defendant contends further, however, that Pritner's testimony may not be considered by us because it "is presently in controversy." By this he refers to matters outside the record, namely, a motion he filed May 12, 1976—two months after plaintiff had filed his brief in this appeal—entitled "Motion to Correct Record Transmitted to Supreme Court pursuant to Civil Appellate Rule 1.24(a)(b)." [2] This motion was designed, he says, "to contest the validity of Appellant's aforementioned statement of fact, said statement being in direct contradiction with aforesaid Court Order sustaining Defendant's Demurrer." The motion was returned to defendant because the record had not yet been transmitted to the supreme court and under the provision of Civil Appellate Procedure Rule 1.24(a), 12 O.S.1971, Ch. 15 App. 2 the trial court was the proper tribunal to pass on it. Defendant evidently abandoned this motion but later, on June 15, apparently filed a second one entitled "Motion to Resolve Controversy Over Correctness of Transcript" with the trial court. What its contents were we do not know because we have not been shown a copy of it. We have, however, been supplied with a copy of plaintiff's motion to strike it which was sent to defendant along with a date for hearing. According to unrecorded information supplied by plaintiff, defendant did not show up at the hearing and its motion to strike was sustained by the trial judge after noting that plaintiff in preparing and filing its statement of facts had followed the procedure outlined in Rule 1.22 and therefore the existing record was complete and correct.

■ We hold Rule 1.24(a)(b) does not enlarge or supplement the provisions of Rule 1.22 relating to the manner of finalizing a narrative statement of evidence or proceedings. Rule 1.24 is intended to provide a means of correcting typographical and clerical errors in preparation of "transcripts" of testimony and compilation of records so that they accurately reflect what was actually said or filed, and does not contemplate a challenge of the truthfulness of what was said during the proceedings or recited in instruments filed in the case. To put it another way, the term "correctness" as used in Rule 1.24 refers to the form of the transcript and record—whether the former was accurately transcribed and complete, whether the latter contains what was ordered and designated by a party and whether authentic originals or correct copies have been included—and does not refer to the substantive truth or validity of what is recorded. Here defendant attacks the narrative statement filed by plaintiff, not on the ground the document in the record is not the one filed by plaintiff, but because it does not speak the truth about what happened at the trial. Such an attack would have been appropriate earlier under the provisions of Rule 1.22, but is not within the scope of Rule 1.24. If the statement included in the record is the one filed by plaintiff then the record in this respect is correct. And so was the trial judge, therefore, in

---

**2.** Rule 1.24(a) reads:

"Correctness of transcript—Amendment of record

(a) Controversy over correctness of transcript

Issues involving the correctness of the transcript or of other materials to be included

in the record shall be resolved by the trial court, if the dispute should arise before the record is transmitted to this court. If the dispute should arise after transmission of the record, this court shall designate the mode of proceedings to resolve the issue."

striking defendant's motion challenging correctness of the record.

## V

The order appealed from is reversed and the cause is remanded for a new trial.

BACON, P. J., and NEPTUNE, J., concur.