241 So.2d 840

**The BYRD COMPANIES, Inc.,
a Corporation.**

**v.**

**Billy P. TOLBERT et al.**

**6 Div. 640.**

Supreme Court of Alabama.

Dec. 3, 1970.

William M. Acker, Jr., George R. Stuart, III, Birmingham, for appellant.

John W. Cooper, Birmingham, for appellees.

## PER CURIAM.

This is an appeal by the plaintiff from a ruling of the Circuit Court of Blount County in sustaining demurrers to both counts of its complaint. Following the ruling of the court, plaintiff moved for a voluntary nonsuit which was granted.

The original complaint filed against defendants, Billy P. Tolbert, W. T. Hitt, Zella Tolbert and Noah Earle Tolbert, seeking to hold said defendants in connection with their endorsements of a note reads as follows:

### "COUNT ONE

"Plaintiff claims of the defendants the sum of Twelve Thousand, One Hundred Eight and 59/100 ($12,108.59) Dollars due by a promissory note made by W. T. & H. Produce Company, a corporation, and O'Jim Poole Truck Lines, Inc., a corporation, to the plaintiff on, to-wit, the 10th day of April, 1963 and payable with interest. A copy of said note is attached hereto, marked Exhibit A and is incorporated herein as if set forth in full. Plaintiff avers that the note was endorsed by the defendants and that said note, not being paid at maturity, was duly protested, of which the defendants have had due notice, the said note with interest thereon is still unpaid and plaintiff avers that as a part of said note and the endorsements thereto, the defendants waive their right of exemption as to personal property and agree to pay

a reasonable attorney's fee which it also claims, to-wit, Eighteen Hundred Sixty-five and no/100 ($1860.00) Dollars.

"SMYER, WHITE, REID & ACKER

"BY /s/ George R. Stuart, III
Attorneys for Plaintiff

"JURY DEMAND

"Plaintiff demands a struck jury for the trial of this cause.

"/s/ George R. Stuart, III
of Counsel"

"EXHIBIT A

$12,108.59          Birmingham Alabama
April 10, 1963

"The undersigned, for value received, promise to pay to the order of The Byrd Companies, Inc., the sum of Twelve Thousand One Hundred Eight and 59/100 Dollars, together with interest upon the unpaid portion thereof from date, at the rate of 6% per cent per annum, in 12 monthly installments of Five Hundred and no/100 ($500.00) Dollars payable on the 10th day of each month after date, commencing May 10, 1963, and the entire balance due on May 10, 1964, payable at office of Payee in Birmingham, Alabama. Said installments shall be applied first to interest on the unpaid balance of principle, and the balance to principle.

"In the event any installment shall remain unpaid for as much as ten days after the same become due, the holder thereof shall have the right and option to declare the entire indebtedness secured hereby to be due at once and payable.

"Each maker and endorser hereby waives all right of exemption under the Constitution and Laws of Alabama, and agrees to pay the cost of collection, including a reasonable attorney's fee, if this obligation is not paid at maturity.

"Demand, protest and notice of protest, and all requirements necessary to hold them

liable, are hereby waived by each and every maker and endorser of this note.

> "W. T. & H. Produce Co., Inc. (L.S)
>
> By /s/ Billy P. Tolbert, Pres. (L.S.)
>
> President
>
> O'Jim Poole Truck Lines, Inc. (L.S.)
>
> By /s/ Noah Earle Tolbert (L.S.)
> President"

"Each and every endorser of this note hereby waives all right of exemption of property from levy and sale under execution or other process for the collection of debts, as provided for in the Constitution and Laws of the State of Alabama, or any other State in the United States of America, and it is hereby agreed by each endorser hereof, that he shall pay all costs of collecting this note after failure to pay when same becomes due under the terms hereof, including a reasonable attorneys' fee for all services rendered in any way, in any suit against any endorser, or in collecting or attempting to collect, or in securing or attempting to secure this debt. Each and every endorser of this note waives demand, protest, and notice of protest and all requirements necessary to hold them as endorsers.

W. T. & H. Produce Company, Inc.,:

President ... /s/ Billy P. Tolbert, Pres.

Vice-Pres. .. /s/ W. T. Hitt

Sec.-Treas. .. /s/ Zella Tolbert

O'Jim Poole Truck Line, Inc.:

President ... /s/ Noah Earle Tolbert

Vice-Pres. .. /s/ Zella Tolbert

Sec.-Treas. ... "

A letter was attached to the note stating:

"W.T. & H. PRODUCE COMPANY, INC.
Box 472
Oneonta, Alabama

April 16, 1963

"TO WHOM IT MAY CONCERN:

"This is to certify that this letter is to be made a part of a note dated April 10, 1963 to Byrd Companies, Inc. and should be attached thereto. It is understood and agreed by Byrd Companies, Inc. or Mr. Charlie Byrd and Bill Byrd and W. T. & H. Produce Company, Inc. that there are some credits due W. T. & H. Produce Company, Inc. and adjustments that will be taken into consideration to be deducted from this note at such time when the account is audited by both W. T. & H. Produce Company, Inc. and Byrd Companies, Inc.

"It is also agreed and understood that the total of $12,108.59 has not been verified by W. T. & H. Produce Company, Inc. and until such time that it is will not be considered the correct amount and is being signed this date, April 16, upon the request of Mr. Charlie Byrd until same can be verified at which time a new note will be made specifying the amount owed by W. T. & H. Produce Company, Inc. and the amount owed by O'Jim Poole Truck Line, Inc.

"This attachment is made a part of this note per advice of Mr. Charlie Byrd, and he has agreed that his employee, Mr. Bill Hicks is authorized to sign this for his company.

> "BYRD COMPANIES, INC.
>
> "BY /s/ Wm. P. Hicks
>
> "W. T. & H. PRODUCE COMPANY, INC.
>
> "/s/ Noah Earle Tolbert (Off. Mgr.)"

The demurrer, filed March 21, 1967, reads as follows:

### "DEMURRER

"Come the defendants in the above-styled cause and demur to the Complaint and each count thereof, separately and severally, and, as grounds for their demurrer, set down and assign the following separate and several grounds:

"1. For that the count does not state a cause of action.

"2. For aught that appears, no demand has been made on the defendants.

"3. For that the allegations of the count are mere conclusions of the pleader.

"4. For that it affirmatively appears that the defendants did not endorse the note sued on.

"/s/ John W. Cooper

John W. Cooper

Attorney at Law
1301 City Federal Building
Birmingham, Alabama

Attorney for Defendants"

"Defendants demand a trial by struck jury.

"/s/ John W. Cooper"

Later on March 22, 1967, prior to any ruling on the demurrers, plaintiff filed an amendment to the complaint designated as Count Two. This Count was laid in contract with the note, endorsements, and letter of explanation, as set out in Count One. It further alleged a breach of the agreement "by failure to make installment payments due on, to wit, May 10, 1963 * *."

There was an allegation of a judgment obtained against the two corporations, and that plaintiff had collected nothing on said judgment; that a demand has been made on the defendants for payment of said obligation and that said defendants have not responded in any way to the demand of the plaintiff.

The record shows no further pleadings filed and no refiling of the demurrer to the complaint, as amended. The record shows two continuances and then under date of "10-8-68: Comes this day the parties to this cause by their attorneys and demurrer having been filed by the defendants, the demurrer is sustained as to Counts I and II, as last amended."

The motion for nonsuit followed, with an order granting the same and dismissing the case and taxation of costs against plaintiff on October 21, 1968.

There are three assignments of error. The first two relate to the ruling of the Court in sustaining the demurrers to Counts One and Two. The third asserts error in the ruling of the Court on Count Two, based upon the contention that the demurrers were not filed (refiled) to the amended complaint.

We find it unnecessary to consider Assignment No. 3, and will proceed with consideration of the merits relating to legal sufficiency of Counts One and Two.

We recognize that the office of a demurrer is to specifically point out the defect in the pleadings to which it is directed, so that the opposite party may have an opportunity to cure the defect by an amendment. Mobile Light & Railroad Co. v. Portiss, 195 Ala. 320, 70 So. 136; Bryant v. Ala. Great So. Railroad Co., 155 Ala. 368, 46 So. 484.

Certainly grounds 1 and 3 of the demurrer are too general. Ground 2 is without merit since the complaint follows the Code form in averring protest and due notice. Ground 4 of the demurrer challenges the failure to aver endorsement by the defendants. But the complaint avers in Count 1 "the note was endorsed by the defendants."

We have held that where a corporate officer's endorsement of a note is followed by the title of his corporate office, the endorsement *prima facie* imposes personal liability. Briel v. Exchange National Bank, 172 Ala. 475, 55 So. 808; Spencer v. Blanke Mfg. & Supply Co., 220 Ala. 350, 124 So. 904; Title 39, Sec. 24, Code of Alabama 1940, Recompiled in 1958.

This assumption of a prima facie personal liability is subject to being shifted by pleading and proof.

We cannot accept the contention of appellees, set forth in brief, that the Commercial Code, Title 7A, Code of Alabama 1940, Recompiled, is applicable.

**470**

Under 15 Am.Jur.2d, Commercial Code, § 6 (page 735), we note the following:

"The Code provides that it is to become effective at midnight on December 31 following its enactment in a particular jurisdiction. It applies to transactions entered into and events occurring after that date. Transactions validly entered into before the effective date and the rights, duties, and interests flowing from them remain valid thereafter and may be terminated, completed, consummated, or enforced as required or permitted by any statute or other law amended or repealed by the Code as though such repeal or amendment had not occurred. Thus, the Code does not have a retroactive effect, and a transaction entered into after the adoption, but before the effective date, of the Code in that jurisdiction is governed by the prior law. * * *"

Our act was effective December 31, 1966, at midnight, and has no application to transactions occurring in 1963.

A statute is not to have effect beyond the time of its enactment, and, to give it retroactive operation, there must be found therein clear and indisputable expressions of such legislative designs. McGregor v. McGregor, 249 Ala. 75, 29 So.2d 561.

*Assignment of Error No. 2.*

Both appellant and appellee agree that all questions involved in this assignment of error are identical with those in Assignment of Error No. 1. Both adopt arguments previously submitted which are incorporated in each brief by reference thereto. Assuming, but not deciding, that the original demurrers were refiled to the complaint, as amended, we now consider the merits of this assignment. We agree that the issues presented are quite similar and hold that the demurrers fail to point out any deficiencies in the amended Count 2. The ruling of the Court in sustaining demurrers to Count 2 was error.

In addition, if we should hold that the endorsements here were not individual, we would be faced with the incongruity that the makers endorsed their own note.

Reversed and remanded.

MERRILL, HARWOOD, BLOODWORTH, MADDOX and McCALL, JJ., concur.