CITIBANK EASTERN, N. A., Respondent, v DAVID P. MINBIOLE, Appellant.—Appeal (1) from an order of the Supreme Court at Special Term, entered May 30, 1975 in Albany County, which granted a motion by plaintiff for summary judgment against defendant David P. Minbiole in the sum of $12,889.52 and (2) from the judgment entered thereon. The facts in this case are not in dispute. On July 25, 1973 plaintiff made a loan to Seaboard Express, Inc., in the sum of $32,948.16. The appellant, David P. Minbiole, an officer of Seaboard, and two others signed the note as comakers. Defendant Minbiole also signed a comaker's statement. No payments were made on the note and an action was commenced against the corporation and the three comakers. Upon the default of all of the defendants except Minbiole, plaintiff applied to the clerk of the court for a default judgment pursuant to CPLR 3215 (subd [a]). On June 14, 1974 plaintiff entered a default judgment against the defaulting defendants. When the clerk entered the judgment, however, he failed to sever the action as to defendant Minbiole as mandated by CPLR 3215 (subd [a]). This omission gave rise to the present controversy. On January 10, 1975 plaintiff served defendant with a notice of motion for summary judgment. Defendant Minbiole raised the absolute defense of merger and cross-moved for summary judgment dismissing the complaint. The original return date of the motion was January 23, 1975, but the eventual adjourned date was during May. In the meantime, on February 19, 1975, plaintiff had an ex parte order entered by the clerk of the court *nunc*

*pro tunc* severing the action in order to correct the omission of June 14, 1974. The defendant Minbiole was given notice of this order on April 4, 1975. This appeal raises the following issues: (1) Did the clerk of the court have the authority to enter an ex parte order *nunc pro tunc* severing the cause of action against defendant Minbiole from the prior default judgment without application to the court? (2) Did the defendant raise issues of fact sufficient to defeat an application for summary judgment? Special Term answered the first question in the affirmative and the second in the negative in granting plaintiff's motion. Prior to the enactment of the CPLR if a judgment were entered without a prior order of severance, no further action could be maintained as the cause of action itself merged with the judgment *(Industrial Bank of Schenectady v Jack,* 6 AD2d 463; Civ Prac Act, § 474). CPLR 3215 (subd [a]) provides, however, that "Upon entering a judgment against less than all defendants, the clerk *shall* also enter an order severing the action as to them" (emphasis supplied). The question presented is whether the omission of the clerk in failing to sever the action against a nondefaulting defendant may be rectified by an ex parte *nunc pro tunc* order entered by the clerk. In a case directly in point the court stated: "Since this is a defect which could be corrected by the more complex method of vacating the judgment, it does not seem to this court that any prejudice results to the defendant by permitting the late entry of an order of severance *nunc pro tunc,* particularly under the more liberal provisions of the CPLR" *(Thrift Credit Corp. v Harmony Playhouse,* 46 Misc 2d 385, 387). The weight of authority is in accord (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3215, C:3215:4; 5 Weinstein-Korn-Miller, NY Civ Prac, par 5012:02; cf. 8 Carmody-Wait 2d, NY Practice, § 63.66; 4 Weinstein-Korn-Miller, NY Civ Prac, par 3215.07). Defendant Minbiole also contends that Special Term erred in granting summary judgment to plaintiff because he had raised an issue of fact concerning the capacity in which he signed the note. Although in executing the note Mr. Minbiole signed in a blank after the term "Co-Maker", with no indication of a representative capacity, this issue is somewhat more difficult than a surface impression might reveal. Pursuant to subdivision (2) of section 3-403 of the Uniform Commercial Code, if the name of the person represented appears on the instrument, but the signature does not show that the representative signed in a representative capacity, parol evidence will be allowed to establish that the agent signed in a representative capacity *(Star Dairy v Roberts,* 37 AD2d 1038; McKinney's Cons Laws of NY, Book 62½, Uniform Commercial Code, § 3-403, Official Comment 3). Although the principal is named in the note in question and there is no indication of defendant's representative capacity, there is strong evidence that defendant did in fact sign in his individual capacity. The note has a specific blank for execution as a representative of a corporation or partnership, but defendant Minbiole chose to sign his name, without qualification, in a blank after the designation "Co-Maker". Furthermore, the defendant signed a "Co-Maker's/ Guarantor's Statement" which clearly states that he is personally liable on the subject note. By reason of these circumstances we agree with the conclusion of Special Term that defendant's claim that he signed the note in a corporate capacity only "is belied by the documentary evidence of the note itself". Special Term properly granted summary judgment to plaintiff. Order and judgment affirmed, without costs. Sweeney, J. P., Kane, Koreman, Main and Larkin, JJ., concur.