■ SULLIVAN COUNTY WHOLESALERS, INC., Appellant, v SULLIVAN COUNTY DORMS et al., Respondents.—Appeal from so much of an order of the Surpeme Court at Special Term, entered May 12, 1976 in Sullivan County, which denied plaintiff's motion for summary judgment in lieu of complaint against defendant Martin Biederman. The sole issue in this case is whether plaintiff was entitled to summary judgment on the basis of the appearance of the signature of the individual defendant, without qualification or restriction, on a promissory note made to the order of the plaintiff. The individual defendant claims that he signed the note only as a representative of the corporate defendant. Although there is no indication that the signature in question was written in a representative capacity, because this is a suit between immediate parties in which the name of the alleged principal, the corporate defendant, appears on the face of the instrument, parol evidence is admissible to establish that the individual defendant signed only as a representative (Barden & Robeson Corp. v Ferrusi, 52 AD2d 1061; Citibank Eastern, N. A. v Minbiole, 50 AD2d 1052; Uniform Commercial Code, § 3-403, subd [2], par [b]). Accordingly, plaintiff's reliance on the face of the note is misplaced. We find insufficient additional evidence of the fact that the signature in question was made in an individual capacity (cf. Citibank Eastern, N. A. v Minbiole, supra) to warrant a reversal of Special Term's conclusion that there were issues of fact justifying a denial of summary judgment to plaintiff. Order affirmed, without costs. Greenblott, J. P., Kane, Mahoney, Main and Larkin, JJ., concur.

■ LILA FRANKEL, Respondent, v LEONARD FRANKEL, Defendant, and BERNARD A. FRANKEL et al., Appellants.—Appeal from so much of an order of the Supreme Court at Special Term, entered April 7, 1977, as denied appellants' motion for a protective order vacating plaintiff's notices to take depositions upon oral examination of the appellants and quashing the subpoenas annexed thereto. In this support action, plaintiff seeks to examine her husband's parents and two corporations which allegedly employed the defendant husband. It is plaintiff's contention that the defendant has concealed his earnings claiming that he has not worked since November, 1975, and that he lives by borrowing money from his father, and that he lives on only $5 a week. Plaintiff further alleges that the defendant is employed by a family-owned chain of furniture stores consisting of several corporations. Plaintiff is seeking to examine two of these corporations. Based upon these circumstances and considering the plaintiff's alleged lack of knowledge concerning her husband's earnings we are in agreement with Special Term that special circumstances exist which justify examination of these nonparty witnesses pursuant to CPLR 3101 (subd [a], par [4]). The order, therefore, should be affirmed. Order affirmed, with costs to respondent. Greenblott, J. P., Sweeney, Larkin, Mikoll and Herlihy, JJ., concur.