The issue on appeal is the effect of a signature on a note by an agent who does not indicate his representative capacity James H. Coleman, defendant, is the president and 25% shareholder of Coleman American Moving Services, Inc., (Coleman American). Coleman American is a publicly owned Delaware corporation, with several subsidiaries in the south and west Mr. Coleman is on the board of directors of each corporation and was convicted of securities fraud for activities arising out of his positions with Coleman American. The plaintiff, Wurzburg Brothers, Inc., (Wurzburg) sold supplies to Coleman American on an open account. Coleman American became behind on its payments and issued several checks which were returned to Wurzburg for insufficient funds. The credit manager of Wurzburg feared that Coleman American would become insolvent. On November 14, 1979, the credit manager and the president of Wurzburg procured a note from Coleman to secure the debt. The note stated that "Coleman American Moving Services, Inc promises to pay" $44,419.68. The note was signed "James H Coleman." The note did not indicate that Mr. Coleman signed in his representative capacity as president of Coleman American Mr. Coleman controlled the drafting of the note. The credit manager of the plaintiff corporation testified that Wurzburg intended that Mr. Coleman personally guarantee the debt of Coleman American. The defendant contends, however, that he signed as representative of Coleman American and that the debt is not his, but that of the corporation. Coleman American defaulted on the payment for the supplies sold to it on open account. Coleman American filed a petition of bankruptcy in the United States Bankruptcy Court for the District of Kansas
The plaintiff brought an action on the note against James Coleman. After a hearing ore tenus, the trial judge entered a judgment in favor of the defendant, Mr. Coleman. Wurzburg now appeals. We reverse
This action presents two basic issues. First, whether parol evidence is admissible by Coleman as the signer of a note to disestablish his liability on the note. Second, assuming that parol evidence is admissible, did Coleman satisfactorily rebut the presumption raised by Code 1975, § 7-3-403 (2)(b), that he is personally liable on the note. The construction of § 7-3-403
(2) is a question of first impression in Alabama
Code 1975, § 7-3-403 codifies § 3-403 of the Uniform Commercial Code. Section 7-3-403 provides:
 (1) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority
 (2) An authorized representative who signs his own name to an instrument:
 (a) Is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
 (b) Except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity
 (3) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity. (Acts 1965, No 549, p. 811)
The issue of whether parol evidence is admissible to disestablish the signer's liability depends on which provision of Code 1975, § 7-3-403 (2) applies. Under § 7-3-403 (2)(a), parol evidence is inadmissible to nullify the signer's liability. But, under § 7-3-403 (2)(b), parol evidence is admissible between the immediate parties to the instrument. In turn, the determination of whether Code 1975, § 7-3-403 (2)(a) or *Page 336 
§ 7-3-403 (2)(b) is applicable depends on whether § 7-3-403 (2) authorizes examination of the entire face of the instrument, or the signature only, to see if the person represented is named
The purpose of Code 1975, § 7-3-403 is to encourage certainty and definiteness in the law of commercial paper. See RotubaExtruders, Inc. v. Ceppos, 46 N.Y.2d 223, 413 N.Y.S.2d 141,385 N.E.2d 1068 (1978). The taker of a negotiable instrument should be able "to tell at a glance whose obligation they hold." Id.
(quoting J. White R. Summers, Uniform Commercial Code, at 13-2 (1972). While there is authority that only the form of the signature may be examined to determine whether there is ambiguity, see St. Regis Paper Co. v. Wicklund, 24 Wn. App. 552, 597 P.2d 926 (1979), the language of § 7-3-403 indicates otherwise. The statute permits admission of parol evidencebetween the immediate parties "if the instrument names the person represented but does not show that the representative signed in a representative capacity" (emphasis added). The statute does not say that "if the signature names the person represented" parol evidence is admissible. The language of the section indicates that the entire face of the instrument may be given attention when discovering who is liable on the instrument. See Sullivan County Wholesalers, Inc. v. SullivanCounty Dorms, 59 A.D.2d 628, 398 N.Y.S.2d 180 (1977); CitibankEastern, N.A. v. Minbiole, 50 A.D.2d 1052, 377 N.Y.S.2d 727
(1975); Acme Metals, Inc. v. Weddington, Tenn.App.,575 S.W.2d 15 (Ct.App. 1978). This interpretation of Code 1975, § 7-3-403, is not inconsistent with the goal of the law of commercial paper to foster certainty and definiteness. Examination of the face of the negotiable instrument is not an undue burden to place on a holder of the instrument. We hold that under Code 1975, § 7-3-403, the face of the instrument must put a person on notice as to who is liable on the instrument. If the face of the note names the person represented but does not show the signer's representative capacity, or vice versa, parol evidence is admissible between the immediate parties to the instrument under § 7-3-403 (2)(b). Therefore, the trial judge did not err by admitting parol evidence to determine the intent of the parties
Although parol evidence is admissible under § 7-3-403 (2)(b), the burden remains on the signer of the instrument to disestablish liability. See Byrd Cos. v. Tolbert, 286 Ala. 465,241 So.2d 840 (1971); Fanning v. Hembree Oil Co., 245 Ark. 825,434 S.W.2d 822 (1968). The trial court found that the note was evidence of a corporate liability and not the personal obligation of Mr. Coleman. Although the trial judge, who heard the testimony ore tenus is due great deference, see Smith vMcNaughton, 378 So.2d 703 (Ala. 1979), the presumption of correctness does not apply when the trial court applied erroneous principles of law. See State Department of IndustrialRelations v. Montgomery Baptist Hospital, Inc., Ala.Civ.App.,359 So.2d 410 (1978); St. Clair Industries, Inc. v. Harmon'sPipe Fitting Co., 282 Ala. 466, 213 So.2d 201 (1968). The trial judge relied on 19 Am.Jur.2d Corporations § 1346 (1964), which states that when a corporation is named in the body of a contract, it is a contract of the corporation. "[T]he signature in the name of the officer with or without an affix designating his representative capacity does not render it his personal contract." Id. This statement is contrary to the law under Code 1975, § 7-3-403 (2)(b), which provides that the signer is liable unless he or she can show that personal liability of the signer was not the intent of the parties
This Court finds that Mr. Coleman did not meet the burden imposed by § 7-3-403 (2) of disestablishing his liability. The only evidence that Coleman did not personally guarantee the debt of the corporation is his bare allegation that he did not intend to be bound. In order to meet the burden of proof under § 7-3-403 (2)(b), the evidence must be more than the mere self serving allegation of the signer's subjective intent to sign in a representative capacity. See Rotuba Extruders, Inc. vCeppos, 46 N.Y.2d 223 *Page 337 413 N.Y.S.2d 141, 385 N.E.2d 1068 (1978). This is particularly true when the allegations are made by a person who has recently been convicted of securities fraud and fined $15,000. The evidence shows that the credit manager and the president of Wurzburg Brothers flew to Dothan to procure Mr Coleman's signature guaranteeing the debt of the corporation The credit manager testified that he feared that Coleman American would become insolvent and sought to secure the debt The defendant is a 25% shareholder of Coleman American and is president of the parent corporation. He is on the board of directors of all subsidiaries of Coleman American. Coleman has been in such a position of authority for almost twenty years, and is an experienced businessman who should know the proper method of signing a contract for his corporation. Mr. Coleman had charge of making out the note and could easily have indicated if he wished to sign in a representative capacity Under these circumstances, it hardly seems unfair or contrary to the intention of the parties to hold a person of Coleman's business acumen liable on the debt. See Fanning v. Hembree OilCo., 245 Ark. 825, 434 S.W.2d 822 (1968); Universal LightingRod, Inc. v. Rischall Electric Co., 24 Conn. Sup. 399,192 A.2d 50 (1963); Citibank Eastern, N.A. v. Minbiole, 50 A.D.2d 1052,377 N.Y.S.2d 727 (1975)
The judgment of the trial court is reversed and the cause remanded
REVERSED AND REMANDED
TORBERT, C.J., and ALMON, EMBRY and ADAMS, JJ., concur