412 So.2d 1202 (1982)
Joseph S. LEGG
v.
Edward KELLY, Jr.
Joseph S. LEGG
v.
Mel LUCAS and Cliff Ellis.
80-502, 80-278.
Supreme Court of Alabama.
April 9, 1982.
*1203 Bob Sherling, Mobile, for Joseph S. Legg.
M. Lloyd Roebuck, Mobile, for Edward Kelly, Jr.
James D. Brooks and Carl Robert Gottlieb, Jr., Mobile, for Mel Lucas and Cliff Ellis.
ADAMS, Justice.
These consolidated appeals arise out of grants of summary judgment in favor of Edward Kelly, Jr., Mel Lucas, and Cliff Ellis (defendants). Joseph S. Legg (plaintiff) brought suit against corporate and individual defendants in the Circuit Court for Mobile County. Plaintiff's suit is based upon a contract in which defendant Athletic World Sporting Goods, Inc., (not a party to this appeal) agreed to purchase plaintiff's sporting goods store and assume responsibility for a debt owed by him. Individual *1204 defendants were stockholders and officers in the defendant corporation. Plaintiff alleged various theories of recovery against the defendants. After granting summary judgment in favor of Lucas, Ellis, and Kelly, the trial court entered final judgment as to these defendants pursuant to Rule 54(b), Alabama Rules of Civil Procedure. Plaintiff appealed.
By our review of the trial court's action, we conclude that with the exception of three counts of plaintiff's complaint concerning Kelly, it erred by granting summary judgment in favor of defendants. We, therefore, affirm in part, reverse in part, and remand this case. We will consider separately each count of plaintiff's complaint as it pertains to the defendants in reviewing the trial court's action.
We are obliged to note at the outset some fundamental principles concerning summary judgment. Recently, this court has observed:
In determining whether a summary judgment is proper, the ultimate question is whether there remains a genuine issue of material fact, and if there is one, summary judgment is inappropriate, Rule 56(e) ARCP; 6 Moore's Fed.Prac., par. 56.15 (2nd ed. 1971). Put in another way, "[W]here the evidentiary matter in support of the motion does not establish the absence of a genuine issue, summary judgment must be denied even if no opposing evidentiary matter is presented."

First National Bank of Birmingham v. Culberson, 342 So.2d 347, 351 (Ala.1977). More recently, the court observed in Campbell v. Alabama Power Co., 378 So.2d 718, 721 (Ala.1979), that the scintilla evidence rule applies to summary judgment motions:
This rule must be considered in the context of the scintilla evidence rule applicable in Alabama. Thus, if there is a scintilla of evidence supporting the position of the party against whom the motion for summary judgment is made, so that at trial he would be entitled to go to the jury, a summary judgment may not be granted. Donald v. City National Bank of Dothan, 295 Ala. 320, 329 So.2d 92 (1976). Furthermore, all reasonable inferences from the facts are to be viewed most favorably to the non-movant. Tolbert v. Gulsby, 333 So.2d 129 (Ala.1976).
Harold Brown Builders, Inc. v. Jordan Company, 401 So.2d 36 (Ala.1981).
In the instant case, the defendants supported their motions for summary judgment with their depositions. Plaintiff did not respond, but instead chose to rely on his pleadings. In a similar situation, this court has observed:
Although an adverse party is not required to respond to a motion for summary judgment, this court has noted failure to do so may be perilous for the adverse party. Ray v. Midfield Park, 293 Ala. 609, 308 So.2d 686 (1975). By defendant's failure to respond to the motion, the trial court had no alternative but to consider the evidence presented by the moving party as uncontroverted. Donald v. City National Bank, 295 Ala. 320, 329 So.2d 92 (1976).
Harold Brown Builders, Inc. v. Jordan Company, supra.
Defendants made numerous contentions that the depositions supporting their motions for summary judgment, and the lack of opposing material from the plaintiff, work to resolve many disputed issues of fact in their favor, thereby justifying the trial court's actions. As discussed below, we find that even considering defendants' evidence as uncontroverted, the evidence they presented is insufficient to eliminate all disputed issues of fact created by plaintiff's complaint. Summary judgment in this case would be appropriate only if the depositions, taken as uncontroverted, resolved all remaining material issues of fact. Harold Brown Builders, Inc. v. Jordan Company, at 38.
Plaintiff's first count alleges, in pertinent part, that Kelly is personally liable on a promissory note that he signed. The note is part of the agreement by which *1205 plaintiff sold his sporting goods business. Athletic World assumed payment of an obligation owed by plaintiff. A default occurred and plaintiff seeks to hold Kelly personally liable for $57,513.71, the amount plaintiff alleges he ultimately paid under his prior obligation. Plaintiff maintains that Kelly agreed to assume personal liability, and signed the note in a like manner. Kelly disputes that and insists his signature on the note was made in a representative capacity for Athletic World. Kelly's signature appears on the note in the following manner:
 ATHLETIC WORLD SPORTING GOODS, INC. (L.S.)
 (Debtor)
BY: /s/Edward Kelly Jr. (L.S.)
 (Debtor)
Kelly contends that the trial court properly entered summary judgment in his favor and urges us to adopt the reasoning of Southeastern Financial Corporation v. Smith, 397 F.Supp. 649 (D.Ala.1975), rev'd on other grounds, 542 F.2d 278 (5th Cir. 1976) (Smith). Smith held that an individual who signed a check, drawn on a corporation's account, with "by" preceding his signature, signed in a representative capacity which thereby prevented his being held personally liable. We need not decide whether to adopt the reasoning of Smith. That case is factually distinguishable from the present one. Although "by" preceded Kelly's signature, the signature line bore the designation of "debtor" and thereby, atleast, the instant case is distinguishable from Smith. Code 1975, § 7-3-403, addresses the problem of an agent incurring personal liability when signing a note on behalf of his principal. Interpreting that section, this court has observed:
The purpose of Code 1975, § 7-3-403 is to encourage certainty and definiteness in the law of commercial paper. See Rotuba Extruders, Inc. v. Ceppos, 46 N.Y.2d 223, 413 N.Y.S.2d 141, 385 N.E.2d 1068 (1978). The taker of a negotiable instrument should be able "to tell at a glance whose obligation they hold."
Wurzburg Brothers, Inc. v. Coleman, 404 So.2d 334 (Ala.1981) (citation omitted).
Viewed in that light, we cannot agree with Kelly that Athletic World is the only debtor and that he executed the note on its behalf. Kelly's interpretation of the note flies in the face of the "certainty and definiteness" sought by § 7-3-403. His signature on a line designated for a debtor, absent an indication of his purported representative capacity, is consistent with the signature of an individual assuming personal liability on the instrument.
We also are unable to accept Kelly's argument that he is not personally liable under the note because he did not sign as a guarantor on the reverse of the instrument. That argument presupposes Kelly had not personally obligated himself when he signed as a debtor.
Lastly, on this count, Kelly argues that his testimony at deposition was sufficient to justify the entry of summary judgment. Kelly testified that he signed the note in a representative capacity. In view of our holding above, we cannot accept Kelly's argument. His testimony denying personal liability was insufficient to eliminate the issue of fact as to the capacity in which he signed the note. Kelly's testimony merely creates an issue of fact. Accordingly, we hold that the trial court erred by entering summary judgment in Kelly's favor. We note that any issue of parol evidence offered to negate Kelly's personal liability must be resolved in harmony with Wurzburg Brothers, Inc. v. Coleman, supra. However, because that problem is not before us, we make no further comment thereon.
Count two of plaintiff's complaint alleges defendants are liable personally for Athletic World's agreement to assume plaintiff's outstanding debt in the amount of $60,000.00. The complaint alleged that the assumption of plaintiff's debt was part of the agreement for the sale of plaintiff's sporting goods business. Plaintiff theorizes that defendants are liable personally because they failed to operate Athletic World as a corporation by not following its bylaws and articles of incorporation, and that they acted in their individual capacities *1206 when conducting the corporation's business. Lucas and Ellis contend that summary judgment was entered properly as to this count because no evidence was presented to the trial court establishing the contents of Athletic World's by-laws and articles of incorporation. Their contention overlooks the fact that it was not incumbent on plaintiff to produce evidence at the time of summary judgment concerning the contents of the by-laws and articles of incorporation. Plaintiff's allegations are questions of fact properly resolved at trial. Even reviewing the depositions of Lucas and Ellis, and considering them uncontroverted, we are unable to find that it was necessary for plaintiff to offer evidence in support of his allegation that defendants failed to operate Athletic World as a corporation. The contents of their depositions are insufficient to establish the absence of a genuine issue of material fact. Therefore, the trial court erred by entering summary judgment in favor of the defendants. However, because plaintiff has not addressed the issue of the propriety of the trial court's grant of summary judgment in Kelly's favor, plaintiff has waived that error and reversal is required only as to Lucas and Ellis.
Count three of plaintiff's complaint is based upon an allegation of fraud. In pertinent part, plaintiff alleges that when Athletic World assumed his outstanding debt of $60,000.00, defendants fraudulently led him to believe that Athletic World had the ability to pay the debt and that they later fraudulently disposed of the corporation's assets. Plaintiff repeats his allegation, as in count two, that defendants incurred personal liability in their operation of Athletic World. Defendants Lucas and Ellis contend that the uncontroverted testimony before the trial court at the time of summary judgment showed that plaintiff was never advised whether Athletic World could pay the debt. Specifically, Ellis's testimony at deposition is relied on to justify the trial court's grant of summary judgment in defendants' favor. We have reviewed his testimony and we are unable to find that it works to establish the absence of a genuine issue of material fact on that allegation. Consequently, the trial court erred by granting summary judgment in favor of defendants on this count. As in count two, because plaintiff presented no argument regarding the propriety of the trial court's action on this count concerning Kelly, reversal is required only as to Lucas and Ellis.
Count four of plaintiff's complaint alleges that defendants violated the security agreement by which plaintiff was granted a security interest in all 15,000 shares of Athletic World stock. The agreement apparently served to secure plaintiff while Athletic World made payments on plaintiff's debt. By the terms of the agreement, the stock was not to be transferred without plaintiff's knowledge and consent. Plaintiff alleges that defendants violated the agreement, and damaged him thereby, when Lucas and Ellis transferred their stock to Kelly and Crawford.
We agree with Kelly that summary judgment on this count was entered properly in his favor. Because of the way plaintiff's count is framed, Kelly cannot be found liable. Although the count seeks damages from Kelly resulting from the transfer of Athletic World stock, the very wording of the count indicates that Kelly did not transfer any stock. Instead, it states that Athletic World stock was transferred to Kelly and Crawford.
Lucas and Ellis raise several arguments in support of the trial court's grant of summary judgment in their favor. Citing Security Life & Accident Ins. Co. v. Carlovitz, 251 Ala. 508, 38 So.2d 274 (1949), they argue that the restriction against transfer that plaintiff seeks to assert is void as against public policy. In view of Lucas and Ellis's failure to discuss their theory in light of Code 1975, § 10-2A-41, we find their theory insufficiently argued to permit review.
Lucas and Ellis next argue that under Code 1975, § 7-9-306, a security interest continues in collateral notwithstanding a sale or exchange by the debtor, and, therefore, plaintiff could not have been injured by the transfer. Whether plaintiff was injured by the transfer is a question of fact *1207 for resolution at trial. Plaintiff could have been injured by the unauthorized transfer in spite of the protection afforded him under § 7-9-306. Lucas and Ellis also contend that Code 1975, § 7-9-311, justifies the trial court's grant of summary judgment in their favor because that section authorizes a debtor's transfer of encumbered collateral notwithstanding a provision to the contrary in a security agreement. The error in Lucas and Ellis's argument is that § 7-9-311 does not shield them from the consequences of a default caused by their transfer of the stock. Sturdevant v. First Security Bank of Deer Lodge, ___ Mont. ___, 606 P.2d 525 (1980). Whether their transfer caused a default is also a question of fact to be resolved at trial.
Finally, count five of plaintiff's complaint alleges that defendants defrauded plaintiff by transferring Athletic World stock. All three defendants advance arguments to support the trial court's grant of summary judgment in their favor, citing plaintiff's failure to factually establish his allegations. They note that plaintiff produced no evidence to show how he was defrauded or that his security interest in the stock was defeated. We note again, as discussed above, it was not incumbent upon plaintiff to introduce evidence at the time of summary judgment to support his allegations. The trial court, therefore, erroneously granted summary judgment. Unlike count four, which sounds in contract, this count alleging fraud also requires reversal of the grant of summary judgment in favor of Kelly. Conceivably, Kelly could have participated in the alleged fraud without transferring his shares of stock.
In the appeal involving Lucas and Ellis, the trial court's grant of summary judgment on counts two through five is reversed. In the appeal involving Kelly, the trial court's grant of summary judgment in his favor on counts two, three, and four, is affirmed. However, the grant of summary judgment in Kelly's favor on count one and count five is reversed, and the cause is remanded for further proceedings consistent with this opinion.
Case No. 80-278REVERSED AND REMANDED.
Case No. 80-502AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
FAULKNER, JONES, ALMON and EMBRY, JJ., concur.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., dissent.
TORBERT, Chief Justice (dissenting).
I cannot agree with the majority's decision that Edward Kelly, Jr., signed this note as an individual, thus assuming personal liability. The trial court was correct in granting summary judgment in favor of the defendant.
The majority is correct when it decides that Code 1975, § 7-3-403 applies. However, it is not clear which part of § 7-3-403 results in the personal liability for Kelly.
Section 7-3-403 provides:
"(1) A signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation. No particular form of appointment is necessary to establish such authority.
"(2) An authorized representative who signs his own name to an instrument:
"(a) Is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
"(b) Except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.
"(3) Except as otherwise established the name of an organization preceded or followed by the name and office of an authorized individual is a signature made in a representative capacity."
*1208 I believe the note in this case falls under subsection (3) of § 7-3-403, which provides that a signature is made in a representative capacity when the name of an organization is preceded or followed by the name and office of an authorized individual.
A similar situation can be found in Southeastern Financial Corp. v. Smith, 397 F.Supp. 649 (N.D.Ala.1975), rev'd on other grounds, 542 F.2d 278 (5th Cir. 1976). The instrument in that case was signed as follows:
 "CARRIAGE HOUSE MOBILE HOMES, INC.
 "General Account
 "By Woody Lacy /s/ 
 Authorized Signature
 "By John Smith /s/ 
 Authorized Signature"
In that case, Senior District Judge Lynne stated:
"Plaintiff relies on 3-403(2)(b) as establishing Mr. Smith's liability. That reliance is misplaced, however, since 3-403(3) more closely reflects the facts of this case. Concededly, the signatures of Messrs. Smith and Woody [Lacy] are not followed by any designation of their offices, so that subsection 3 is not precisely applicable. Since 3-403(2) imposes liability on an agent only where `the instrument' fails to reveal his representative capacity, however, we are free to look at the entire instrument for evidence of the capacity of the signer. The facts that the check indicates that it is drawn against the `General Account' of the corporation and that the signatures are each preceded by the word `By' are sufficient to remove any possible confusion as to whether Smith and Woody [Lacy] were signing as agents of the corporation. It is improbable that anyone dealing with these checks would be led to believe that Smith and Woody [Lacy] were signing as joint obligors with the corporation."
397 F.Supp. at 653 (citations omitted).
Paraphrasing a portion of that opinion and relating it to this case expresses my belief as follows:
"Plaintiff relies on 3-403(2)(b) as establishing Mr. Kelly's liability. That reliance is misplaced, however, since 3-403(3) more closely reflects the facts of this case. Concededly the signature of Edward Kelly, Jr., is not followed by any designation of his office, so that subsection (3) is not precisely applicable. Since 7-3-402(2) imposes liability on an agent only where `the instrument' fails to reveal his representative capacity, however, we are free to look at the entire instrument for evidence of the capacity of the signor. The facts that the note indicates Athletic World Sporting Goods, Inc., was a party to the note and that the signature of Kelly is preceded by the word `By,' are sufficient to remove any possible confusion as to whether Kelly was signing as agent of the corporation. It is improbable that anyone dealing with the note would be led to believe that Kelly was signing as a joint obligor with the corporation."
It is recognized that in Giacalone v. Bernstein, 348 So.2d 679 (Fla.Dist.Ct.App.1977), the Florida court held that just the word "By" preceding a signature without more on the face of the note fails to show that the note was signed in a representative capacity. In that case, however, the name of the corporation did not appear anywhere on the face of the note. In this case, however, more is shown, because the name of the corporation, Athletic World Sporting Goods, Inc., precedes the signature of Kelly.
In an Alabama pre-UCC case, Little v. Peoples Bank of Mobile, 209 Ala. 620, 96 So. 763 (1923), a note was signed "Denton Livestock Company `By J. R. Little.'" No descriptive abbreviation or word designating his office of vice president followed J. R. Little's signature. This Court said in that case:
"So far as the face of the note is concerned, the preposition (by) affirmatively restricted J. R. Little's relation to the note to the service of agency thereby unequivocally imported; Little's signature on the face of the note being given in that capacity only." 209 Ala. at 622, 96 So. 763.
This Court held, in Little, that the corporation was the principal, the single maker, *1209 and J. R. Little was only the agent of the Denton Livestock Company and was not individually bound thereby as a maker or as a comaker of the note with the corporation.
The majority express their view that the face of the instrument involved does not put a person on notice as to who is liable on the instrument. I believe the instrument does give notice of liability. The majority incorrectly expands the scope of Wurzburg Brothers, Inc. v. Coleman, 404 So.2d 334 (Ala.1981). I concurred in Wurzburg because an examination of the instrument involved indicated that personal liability of the agent was intended when the instrument was signed. The situation in this case is quite different. In Wurzburg the name of the corporation did not appear at the bottom of the note where it was signed. I would affirm the summary judgment in favor of Kelly.
MADDOX, SHORES and BEATTY, JJ., concur.