412 So.2d 783 (1982)
Ex parte S. H. COUSSEMENT.
Re Virginia K. KUHNS as Executrix of the Estate of Joseph H. Kuhns d/b/a Kuhns Engineering Service
v.
S. H. COUSSEMENT.
80-662.
Supreme Court of Alabama.
April 9, 1982.
*784 Alberta Murphy of Murphy & Murphy, Tuscaloosa, for petitioner.
Isaac P. Espy of Tucker, Gray & Espy, Tuscaloosa, for respondent.
ADAMS, Justice.
We granted a writ of certiorari to the Court of Civil Appeals to review its decision holding that S. H. Coussement (defendant) failed to carry the burden of proof placed on one who seeks to avoid personal liability on a note signed in a representative capacity for the payor, but without indication of such representative capacity. Defendant, president of Replex Corporation, signed a note in the amount of $3,844.50, payable to Kuhns Engineering Service. His signature did not indicate that he signed the note in a representative capacity. Defendant was sued by Virginia H. Kuhns (plaintiff), executrix for her late husband, who did business as Kuhns Engineering Service. Defendant sought to avoid personal liability by arguing that he came within the "except" clause of Code 1975, § 7-3-403(2)(b). The Court of Civil Appeals disagreed and held adversely to the defendant. From our review of this appeal we conclude that the decision of the Court of Civil Appeals is correct and is due to be affirmed.
The facts to this appeal are set forth in the opinion of the Court of Civil Appeals 412 So.2d 779. Pursuant to Rule 39 (k), Alabama Rules of Appellate Procedure, defendant presented additional facts for our review. Defendant advances, in essence, two main arguments in attempting to escape personal liability under the note. By parol evidence defendant purports to show that it was not intended for him to incur personal liability when he signed the note for Replex Corporation. He also argues, in effect, a course of conduct exception. We will examine defendant's arguments and the facts raised in support of them.
At the outset, we observe that Code 1975, § 7-3-403, addresses the matter of an agent incurring personal liability when signing in a representative capacity for his principal:
(2) An authorized representative who signs his own name to an instrument:
(a) Is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity;
(b) Except as otherwise established between the immediate parties, is personally obligated if the instrument names the person represented but does not show that the representative signed in a representative capacity, or if the instrument does not name the person represented but does show that the representative signed in a representative capacity.
An examination of the face of the instrument reveals that defendant incurred personal liability under § 7-3-403(2)(a) when he signed the note. The note reveals that Replex Corporation was the entity represented by defendant. The name Replex Corporation is typed in the blank provided for the promisor. Disclosure is thereby made of the entity represented. Wurzburg Brothers, Inc. v. Coleman, 404 So.2d 334 (Ala.1981) (Wurzburg). However, the note does not disclose defendant's representative capacity. He signed without indicating that he was president of Replex Corporation. Under this set of facts, defendant incurs personal liability through the operation of § 7-3-403(2)(a). Initially, defendant notes that the instrument contained a *785 space for one to sign as an individual guarantor, which was left blank. Defendant suggests that the absence of his signature in that space allows him to escape personal liability. The flaw in defendant's reasoning is that his signature on the note, absent an indication of representative capacity, is consistent with one assuming personal liability under § 7-3-403(2)(a). Defendant's argument presupposes that he did not incur personal liability when he signed the note as he did. We rejected a similar argument in Legg v. Lucas & Ellis, 412 So.2d 1202 (Ala.1982). For defendant to prevail, he must come within the "except" clause of § 7-3-403(2)(b).
Defendant alleges that he had an agreement with Kuhns Engineering Service, the immediate party to the note, that he was not to be personally obligated under it. Defendant's allegation, coupled with the fact that the note names the entity represented, but does not show defendant signed in a representative capacity, allows him to attempt to disestablish his personal liability through the use of parol evidence to establish an agreement between the immediate parties to the note that defendant was not to be personally obligated. Code 1975, § 7-3-403(2)(b). In Wurzburg, supra, we noted that although parol evidence is admissible, the signer has the burden to disestablish his liability. Wurzburg, at 336. The Court of Civil Appeals correctly observed that a mere self-serving allegation of defendant's subjective intent not to be personally obligated under the note does not establish that the defendant signed the note in a representative capacity. The New York Court of Appeals in Rotuba Extruders, Inc. v. Ceppos, 46 N.Y.2d 223 at 229, 385 N.E.2d 1068 at 1071, 413 N.Y.S.2d 141 at 144 (1978) (Rotuba), stated:
But the type of showing needed to bring the note within the "except" clause of section 3-403 (subd. [2], par. [b]) must necessarily amount to more than the mere self-serving allegation of the signer's subjective intent to sign as representative. To escape personal liability, the signer has the burden to "establish" an agreement, understanding or course of dealing to the contrary (cf. Uniform Commercial Code, § 1-201, subd. [3]; § 2-208). Thus, without an affirmative demonstration that the taker of the note knew or understood that the signer intended to execute the instrument in a representative status only, there can be no defense that, notwithstanding the form of the note, representative liability was "otherwise established between the * * * parties" (see Jackson Chevrolet v. Oxley, 564 P.2d 633, 635-636 [Okl.]; Fanning v. Hembree Oil Co., 245 Ark. 825, 434 S.W.2d 822).
Examining the facts cited by defendant in support of his contention that he was not to be personally liable under the note, we find his facts insufficient for him to meet the required burden of proof. Defendant's testimony at trial merely amounts to allegations that he thought he was signing the note as a corporate officer and that he did not intend to incur personal liability. Such allegations are clearly subjective and do not establish an agreement or understanding with Kuhns Engineering Service. The facts cited by defendant do not allow us to assume that his thoughts or intentions were ever communicated to Kuhns Engineering Service. As defendant's cited facts stand, they are no more than self-serving allegations of his subjective intent. Thus, they are insufficient to disestablish his personal liability. Wurzburg, at 336; Rotuba, supra.
Defendant calls our attention to the fact that the individual who prepared the note for Replex Corporation was instructed to prepare a note evidencing Replex Corporation's indebtedness to Kuhns Engineering Service. At best, such testimony serves to support the position that Replex Corporation did not seek to bind its own agent, defendant, under the note. It does not establish an agreement with Kuhns Engineering that defendant was not to be personally liable. We, therefore, find defendant's allegation that it was not intended for him to be personally liable under the note to be without merit.
*786 Defendant also advances an argument that a course of dealing existed between the parties to the note such that it was understood defendant was not personally liable. However, this argument also does not withstand scrutiny. The facts cited by defendant as evidencing a course of dealing all arise out of the disputed transaction. Typical of the facts cited by defendant to show a course of dealing are the facts that Replex Corporation made several installment payments on the note, and that the note originally was transmitted to Kuhns Engineering Service by a Replex Corporation employee with a note written on the corporation's stationery. Even if we are to assume that such facts otherwise would have probative value on the issue before us, they cannot help the defendant because they occurred as part of the instant transaction. A course of dealing is shown through prior transactions of the parties. Rotuba, 46 N.Y.2d at 230-1, 385 N.E.2d at 1071-2, 413 N.Y.S.2d at 144-5; Griffin v. Ellinger, 538 S.W.2d 97 at 100-1 (Tex.1976). A course of dealing is a course of "previous conduct between the parties ...." Code 1975, § 7-1-205(1); Rotuba, supra. Defendant cites Acme Metals, Inc. v. Weddington, 575 S.W.2d 15 (Tenn.App.1978), in support of his argument that a course of dealing existed between the parties. That case, at least, is distinguishable on the basis that it involved a series of prior transactions between the parties. Defendant's argument is lacking in factual basis, and is accordingly without merit.
For all of the foregoing reasons, the decision of the Court of Civil Appeals is affirmed.
AFFIRMED.
FAULKNER, JONES, ALMON and EMBRY, JJ., concur.
TORBERT, C. J., and MADDOX, SHORES and BEATTY, JJ., dissent.
TORBERT, Chief Justice (dissenting).
The majority affirms the decision of the Court of Civil Appeals, which reversed the decision by the trial court, which had held that the note involved evidences a debt owed by Replex Corporation to Kuhns Engineering Service as opposed to a personal debt of S. H. Coussement. In reaching their decision, the majority examined the evidence presented before the trial court and concluded that Coussement did not disestablish his liability as required when the signature of an individual on a note does not show that the individual signed in a representative capacity. See, Wurzburg Brothers Inc. v. Coleman, 404 So.2d 334 (Ala.1981).
I disagree with the majority because I believe that great deference should be given to the decision of the trial court, which heard the evidence presented ore tenus and decided that Coussement did sign in a representative capacity. "When the trial court hears evidence ore tenus, its conclusion will not be disturbed on appeal unless palpably erroneous." Pritchett v. Nathan Rodgers Construction and Realty Corp., 379 So.2d 545 (Ala.1980). See also, Hill v. Abyssinia Missionary Baptist Church, 370 So.2d 1389 (1979); Hall v. Polk, 363 So.2d 300 (Ala. 1978). The record adequately supports the trial court's decision, which is consistent with decisions of this Court. This Court in Wurzburg held that:
"[U]nder Code 1975, § 7-3-403, the face of the instrument must put a person on notice as to who is liable on the instrument. If the face of the note names the person represented but does not show the signer's representative capacity, or vice versa, parol evidence is admissible between the immediate parties to the instrument under § 7-3-403(2)(b).
....
"... In order to meet the burden of proof under § 7-3-403(2)(b), the evidence must be more than the mere self serving allegation of the signer's subjective intent to sign in a representative capacity."
Admittedly, Joseph H. Kuhns, who negotiated with Coussement, is deceased. However, there is sufficient evidence to support the decision by the trial court. While Coussement did testify in his own behalf, which by itself would be insufficient to *787 disestablish liability under Wurzburg, his testimony can be considered with the other evidence presented to see if cumulatively the evidence disestablishes the personal liability of Coussement.
In this case, the primary evidence supporting the nonpersonal liability of Coussement is the testimony of Otis B. Kirby, the former comptroller of Replex Corporation; the payment of at least three installments of the amount owed under the note to Kuhns Engineering Service; and the letter accompanying the signed note mailed from Replex Corporation to Kuhns Engineering Service.
First, Kirby is not a party to this suit. He did, however, prepare the promissory note, oversee the process of making the payments from Replex to Kuhns, and actually prepare the checks from the corporate account of Replex to be sent to Kuhns. Kirby's testimony is that the debt was the corporation's and Coussement signed as a representative of Replex.
Secondly, four cancelled checks were offered by the defendant, Coussement, to show partial payment of the obligation. All of these checks were drawn on the corporate account of Replex Corporation, which supports the conclusion that the payments were for a corporate debt.
Finally, the letter which accompanied the signed note mailed to Kuhns reads as follows:
"REPLEX
Corporation
"Mr. Joe Kuhns
Kuhns Engineering Services
P. O. Box 1217
Tuscaloosa, AL 35401
"Dear Joe:
"Thank you very much for your patience and understanding in permitting us to defer payment of our account.
"Enclosed is a signed note to cover the balance due as per your discussion with Mr. Coussement.
"Your thoughtfulness in helping us to overcome the tragedy of the fire is greatly appreciated.
 "Sincerely,
 "REPLEX CORP.
 "O. B. Kirby
 "Comptroller
"OBK:st
"enc.
"POST OFFICE BOX 86, MILLPORT,
AL 35576.
205 662-4204"
This letter also supports the conclusion that the debt was the corporation's. The trial court viewed this evidence and was satisfied that Coussement had met his burden to disestablish his personal liability under the note. I agree and would reverse the decision of the Court of Civil Appeals.
MADDOX, SHORES and BEATTY, JJ., concur.