Burke, J.
Between February, 1961 and February, 1963 the plaintiff made various loans to the defendant in return for which the defendant executed and delivered promissory notes in series to the plaintiff. The defendant signed the notes in his individual name. Defendant made the scheduled payments on the notes for a period of time but then defaulted on further payments and plaintiff brought an action to recover the amounts due under them. Plaintiff made use of the “motion-action” provided for by CPLB- 3213, serving on the defendant a summons and a notice of motion for summary judgment upon instruments for the payment of money only. Defendant’s answering papers opposed plaintiff’s motion for summary judgment and cross-moved for summary judgment dismissing the action and declaring the promissory notes sued upon to be void for usury and directing that such notes be surrendered and canceled pursuant to section 5-511 of the General Obligations Law. By means of exhibits, defendant demonstrated that the notes were in fact usurious, absent, exempting facts, since they called for the payment of interest at the rate of 15% per annum. In his reply affidavit, the plaintiff alleged that the defendant “ owned ” about five restaurant corporations and that defendant told him that they were ‘ ‘ in financial difficulty. ’ ’ He further alleged that the defendant suggested that the plaintiff loan him money to be used for these corporations in return for ‘ ‘ half the moneys ” defendant would save by settling with some of his creditors for 50% of his debts to them. Plaintiff refused such an arrangement and defendant then asked that plaintiff loan him money at 15% ; when plaintiff inquired which of the corporations was to receive the loan, defendant answered that, although the money would be used to take care of obligations of his corporations, “ he needed fluidity in controlling and managing the funds [and] so preferred that a single transaction with him be made instead of separate transactions with the various corporations.” Other statements made in plaintiff’s reply affidavit underscored the fact that the loans were made to the defendant personally and not to his corporations or any one of them. (E.g., “I thereupon loaned defendant $30,000 during *235 June and August of 1961. ” “ He knew that I would not insist on having these notes executed by a corporation, which would have deprived defendant of the defense of usury, but that I would advance him the loan personally on the faith of his word as I had done in the past.”)
Defendant’s cross motion for summary judgment was denied upon the ground that there were triable issues of fact presented by the opposing papers. The Appellate Division, First Department, aErmed, one Justice dissenting, upon the ground that there were triable issues of fact as to the identity of the borrower and whether the defendant is estopped from raising the defense of usury because of his alleged fraud and deceit. The order of the Appellate Division must be reversed. At best, plaintiff’s allegations, taken as true, demonstrate that the loans were made to the defendant personally to be used for the benefit of the corporate enterprises ‘ ‘ owned ’ ’ by the defendant. However, it is clear that the obligations represented by the promissory notes sued upon were those of the defendant individually and there is no indication whatever of any corporate obligation. The mere fact that the borrowed funds were expected to be or were intended to be used for corporate purposes cannot transform an individual obligation into a corporate obligation. Indeed there is an anomaly in the plaintiff’s position to the extent that, for purposes of avoiding the impact of defendant’s usury defense, plaintiff contends that the loans were in fact made to the corporations whereas, for the purpose of recovering the amounts due on the notes, the plaintiff is proceeding against the defendant individually. Manifestly, either the notes are corporate obligations of the various corporations “ owned” by the defendant (and plaintiff has not specified which loans went to which corporation and in what amounts) and are, therefore, not subject to the usury defense (General Obligations Law, § 5-521) or they are the personal obligations of the defendant and are subject to that defense. Even assuming, arguendo, that there are suEeiently raised by these papers triable issues as to whether the corporations or the defendant borrowed the funds, defendant’s unambiguous status as maker of the notes necessitates the conclusion that he would be a primary obligor (see Uniform Commercial Code, §§ 3-401, 3-413) and, as such, entitled to the usury defense even if the corporate obligor were *236 not (Matter of Waldman, 32 A D 2d 780, affd. 25 N Y 2d 677; Schwartz v. Fifty Greenwich, St. Realty Corp., 265 N. Y. 443).
Furthermore, plaintiff’s reliance upon the opinion in Hoffman v. Nashem Motors (20 N Y 2d 513) is misplaced since, in that case, the loan upon which the grant of summary judgment to the plaintiff was reversed was made in the form of a check payable to the individual, the funds were not used for the purposes of the corporate defendant and the corporate defendant had executed the note as maker. Such evidentiary facts raised a triable issue as to the true identity of the borrower and plaintiff’s allegations in the present case utterly fail to raise such an issue. Accordingly, the order of the Appellate Division should be reversed, the defendant’s cross motion for summary judgment granted and the certified question answered in the negative.
Judges Scileppi, Breitel, Jases and Gtbsox concur with Judge Burke; Chief Judge Fuld and Judge Bergak dissent and vote to affirm on the opinion at the Appellate Division.
Order reversed, without costs, and the case remitted to Special Term for further proceedings in accordance with the opinion herein. Question certified answered in the negative.