■ STAR DAIRY, INC., Respondent, v. JOHN ROBERTS, Appellant, et al., Defendant.— Appeal from an order of the Supreme Court, entered October 29, 1970 in Sullivan County, which granted a motion by plaintiff for summary judgment, and from the judgment entered thereon. This is an action for the payment of a dishonored check which is in the following form: "August 14, 1969 Food for Love Acc't Manufacturers Hanover Trust Co.

34 St. Empire State Bldg. Pay to the order of Star Dairy, Inc. $11,125.00 Eleven Thousand One Hundred Twenty [sic] Dollars John Roberts Jeffrey H. Jorger". Appellant Roberts contends that summary judgment was improperly granted by Special Term since a question of fact was presented by his allegation that he signed the check in a representative capacity and is not personally liable for its payment. Section 3–403 (subd. [2], par. [a]) of the Uniform Commercial Code provides that: "An authorized representative who signs his own name to an instrument (a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity". Paragraph (b) of subdivision 2 of that section states that except *as otherwise established between the immediate parties* one who signs an instrument is personally obligated if the instrument names the person represented but does not show that the representative signed in any representative capacity. This section has been interpreted to mean that parol evidence is admissible to prove that the agent signed the instrument in his representative capacity. (See *Megowan* v. *Peterson*, 173 N. Y. 1; McKinney's Cons. Laws of N. Y., Book 62½, Part 2, Uniform Commercial Code, § 3–304, Official Comment, 3.) In this case, both signatures on the instrument are unequivocal. They give no indication that the check was signed in a representative capacity. However, if the instrument in question "names the person represented", the motion for summary judgment should have been denied because defendant would then be allowed to establish the agency. The name of the person represented may appear anywhere on the face of the instrument, but it must clearly appear (cf. Restatement, Agency, 2d, § 155, Comment *c*). For example, it has been held that where the signature appears under the corporate name without words of agency, parol evidence may be introduced in a suit between the parties to show the capacity in which the individual signed the instrument. (*Hoffstaedter* v. *Carlton Auto Supplies Co.*, 203 App. Div. 494; *Central Bank of Rochester* v. *Gleason*, 206 App. Div. 28.) Appellant contends that the notation "Food for Love Acc't" indicates the name of the person represented. The words do not indicate a person at all. (See Uniform Commercial Code, § 1–201 which defines a "person".) They signify an account and suggest a direction to the drawee rather than a notice to the payee alerting it to any representational capacity in which the signature was executed. Judgment and order affirmed, with costs. Reynolds, J. P., Aulisi, Staley, Jr., Sweeney and Simons, JJ., concur.