■ BARDEN & ROBESON CORPORATION, Respondent, v BONDINA L. FER-

RUSI et al., Appellants.—Order unanimously affirmed, with costs. Memorandum: Plaintiff-respondent sued defendants-appellants on a promissory note executed on or about March 6, 1973 payable to the respondent in the sum of $15,976.65. The note was signed by the appellants and payable on May 1, 1973. Prior to the execution of the note, Garfield Development Co., Inc. (Garfield) received deliveries of materials from respondent pursuant to an agreement with the last invoice of delivery dated December 15, 1972, at which time there was a balance due and owing on said account of $15,976.65. The sole question presented is the existence of an issue of fact concerning whether the appellants signed the promissory note individually or in their representative capacity. Appellants, in opposition to a motion for summary judgment, contend that the promissory note was forwarded to the respondent with an accompanying letter dated March 6, 1973 which stated that they were signing the note as officers of Garfield. The respondent claims that the enclosure letter was never received by it and that it took appellants' promissory note in a personal and not a representative capacity, in lieu of filing a mechanic's lien on certain apartment buildings erected upon property owned by Garfield. Section 3-403 (subd [2], par [a]) of the Uniform Commercial Code provides that "(2) An authorized representative who signs his own name to an instrument (a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity". There is no showing in the record that the individuals signed as representative of Garfield. Where an agent signs his name *only,* such signature "personally obligates the agent and parol evidence is inadmissible under subsection (2)(a) to disestablish his obligation" (McKinney's Cons Laws of NY, Book 62 1/2, Part 2, Uniform Commercial Code, § 3-403, Official Comment 3). In *Star Dairy v Roberts* (37 AD2d 1038, 1039), considering facts quite similar to those before us, the court stated: "In this case, both signatures on the instrument are unequivocal. They give no indication that the check was signed in a representative capacity." (See, also, *Central Trust Co. of Rochester v Gottermeier Development Co.,* 65 Misc 2d 676; *Manufacturers Hanover Trust Co. v Eisenstadt,* 64 Misc 2d 397.) Appellants contend that subdivision (1) of section 3-119 of the Uniform Commercial Code is applicable. It states in part, "As between the obligor and his immediate obligee or any transferee the terms of an instrument may be modified or affected by any other written agreement executed as a part of the same transaction". Based upon this, appellants urge that the enclosure letter (not received, according to respondent) should be considered as part of the same transaction in which the promissory note was executed and they should be read together as a single instrument. The official comment to said section (p 88), in stating its purpose, indicates that the section "is intended to resolve conflicts as to the effect of a separate writing upon a negotiable instrument". However, we must be mindful of the provision of section 3-403 (subd [2], par [b]) of the Uniform Commercial Code which allows parol evidence between the immediate parties where it is necessary to establish the missing element if either the name of the principal or the fact of the agency is disclosed on the face of the instrument. The instrument for consideration before us contains neither the name of the alleged principal, Garfield, nor the fact of the agency. The appellants' reliance on section 3-119 of the Uniform Commercial Code must also fail since the cover letter purportedly included with the promissory note cannot be considered a written "agreement". In view of the provision of subdivision (3) of section 1-201 of the Uniform Commercial Code which defines "Agreement" as "the bargain of the parties in fact as found in their

language or by implication from other circumstances", there is nothing in the pleadings to indicate a separate agreement as defined in the foregoing section. Therefore, appellants' reliance on section 3-119 of the Uniform Commercial Code is without merit. Where, as here, we have an instance in which the execution of the promissory note by the appellants is admitted, and it is conceded that the principal is not named on the instrument itself, and there is no showing that the individuals signed in a representative capacity, under the applicable provisions of the Uniform Commercial Code there is no triable issue of fact and defendants are personally liable on the note as a matter of law. (Appeal from order of Niagara Supreme Court—summary judgment.) Present—Moule, J. P., Simons, Mahoney, Dillon and Witmer, JJ.