■ MARINE MIDLAND BANK, Appellant, v SAMUEL A. DiMARZO, Respondent.—Order unanimously reversed, without costs, and motion granted. Memorandum: Plaintiff properly commenced this action based on an instrument for the payment of money only, i.e., a promissory note, as a motion for summary judgment in lieu of a complaint (CPLR 3213). It is from an order of Special Term denying its motion that plaintiff appeals. Execution of the note and default in payment having been established by plaintiff, and not being denied by defendant, it was incumbent upon defendant to present sufficient evidentiary proof to raise a triable issue of fact *(Shields v Stevens,* 55 AD2d 1017; *Hall v Burke Steel Serv. Center,* 52 AD2d 735). We find that defendant has failed to meet this burden. Inasmuch as the only signature appearing on the promissory note is that of defendant and the note neither

names any party represented by defendant nor demonstrates that defendant signed it in a representative capacity, his unambiguous status as maker of the note necessitates the conclusion that he would be the obligor and, therefore, the appropriate party from whom to seek payment (Uniform Commercial Code, § 3-401, subd [1]; § 3-403, subds [2], [3]; § 3-413; see, also, *Ranhand v Sinowitz,* 26 NY2d 232, 235; *Star Dairy v Roberts,* 37 AD2d 1038, 1039). Furthermore, under the language of section 1831a of title 12 of the United States Code, plaintiff is permitted to charge interest on business and agricultural loans of $25,000 or more at a rate of up to 5% in excess of the discount rate on 90-day commercial paper in effect at local Federal reserve banks. Although defendant agrees that the loan made to him of $43,000, was a "business purpose" loan and that plaintiff was legally permitted to charge interest of 9¼%, he submits that plaintiff's only recourse for payment of the note is from the business entity, lest the loan be considered usurious. Nowhere in the Federal statute does it state that due to the fact that greater interest rates are permitted to be charged, liability for repayment of such obligations must rest with the business entity for whose purpose such loan was ·sought. Defendant having individually obligated himself to pay the note, may not escape liability. Inasmuch as defendant has failed to demonstrate the existence of any triable issue of fact plaintiff is entitled to recover from defendant the amount owing on the note. (Appeal from order of Monroe Supreme Court—summary judgment.) Present— Marsh, P. J., Moule, Cardamone, Simons and Goldman, JJ.