■ KEH SOO PARK, Appellant, v J. G. WHITE ENGINEERING CORP. et al., Respondents. — Appeal from the order of the Supreme Court, New York County (Arthur Blyn, J.), entered on March 14, 1983, which denied plaintiff's motion for summary judgment on two promissory notes and granted the cross motion by defendant Robert E. MacDonald to dismiss the complaint, is dismissed as superseded by the appeal from the order of April 28, 1983. Order of the Supreme Court, New York County (Arthur Blyn, J.), entered on April 28, 1983, which denied plaintiff's motion for reargument of a prior motion, renewal of that motion and amendment of the prior motion papers, treated herein as one for renewal, is modified, on the law, to the extent of granting renewal and, upon renewal, denying the cross motion by defendant MacDonald to dismiss the complaint, and otherwise affirmed, without costs or disbursements. In March of 1976, plaintiff transferred $100,000 to defendant J. G. White Engineering Corp. for the ostensible purpose of financing a joint business venture in Iran. After J. G. White notified plaintiff that the enterprise had been canceled and that the company did not have the funds to repay plaintiff, negotiations were undertaken between plaintiff and defendant Robert E. MacDonald, president of J. G. White, pursuant to which it was agreed that plaintiff would accept a demand note for $100,000 at 20% interest per annum and a second note for $27,500 at 11% interest. On April 1, 1977, the notes were duly executed by MacDonald. Typewritten below his signature are his name and the name and address of the corporation. The assistant secretary of J. G. White attested to his signature. The documents were notarized on a separate page and beneath the notary's signature, there is the following statement: "The undersigned, and all endorsers of this note, are severally

bound by, and agree to, all of the provisions of this note as appear on the face hereof." Thereafter, the signature of Robert E. MacDonald appears twice. Of the amount purportedly owed, only $10,000 was forthcoming. Plaintiff has unsuccessfully demanded repayment of the remainder. Accordingly, plaintiff commenced the instant action to recover payment on the two promissory notes and, in that connection, moved for summary judgment. MacDonald opposed the application and cross-moved for dismissal, contending that the notes were void as to him individually because they charged a usurious rate of interest and that, in any event, his signatures on the second page were forgeries. In reply, plaintiff asserted that MacDonald is liable under the notes as guarantor and that, consequently, the defense of usury is unavailable to him. Special Term denied plaintiff's motion for summary judgment and granted defendant's cross motion to dismiss on the ground that MacDonald was not a guarantor, but a comaker of the two notes. Since the notes imposed interest rates higher than the legal limit applicable at the time that the instruments were executed, they were, therefore, void against MacDonald personally. Plaintiff subsequently moved to reargue, renew and amend its prior motion papers, which motion was denied. In our opinion, Special Term should have granted plaintiff's motion to renew and reargue and, upon renewal and reargument, denied defendant's cross motion to dismiss the complaint. Although Special Term stated that it was denying the motion to reargue, an examination of the court's decision reveals that by rejecting on the merits plaintiff's argument, raised for the first time with regard to the motion to reargue, that MacDonald was an accommodation party, the court, in effect, granted reargument. Moreover, the court erroneously concluded that renewal was unwarranted since, in its view, no new material facts were submitted. However, plaintiff's affidavit alleged for the first time that the money transferred to J. G. White was intended for a joint venture. As to the substance of plaintiff's motion for summary judgment and defendant MacDonald's cross motion to dismiss, we believe that there were questions of fact which need to be resolved, thus precluding summary judgment in favor of either party. While it is evident that defendant's signature established him as a comaker of the notes, "the mere fact that he signed as a maker is not dispositive of the issue at bar" (*Arrow Sav. & Loan Assn. v Wilmikwil Corp.*, 35 AD2d 840). As the court in *Arrow Sav. & Loan Assn.* pointed out, citing *Ranhand v Sinowitz* (26 NY2d 232), the situation would be different if the defendant were the sole signatory. Subdivision (1) of section 3-415 of the Uniform Commercial Code defines an accommodation party as "one who signs the instrument in any capacity for the purpose of lending his name to another party to it." Whether the signatures of MacDonald are treated as ambiguous or as those of an accommodation party, he would be deemed an indorser or guarantor of his corporate comaker's obligation and thus not entitled to raise the defense of usury if the facts demonstrated that he did not personally benefit from the funds deposited by plaintiff. (*Arrow Sav. & Loan Assn. v Wilmikwil Corp., supra;* see, also, *Ranhand v Sinowitz, supra,* at p 236.) Here, there is a question of fact as to the capacity in which MacDonald signed the notes since it is unclear whether he derived any personal benefit from the loan. In addition, there is a disputed question of fact concerning the authenticity of MacDonald's signatures on the second page of the notes. Concur — Kupferman, J. P., Sullivan, Carro, Milonas and Kassal, JJ.