482 So.2d 1124 (1986)
Cary L. HILL
v.
CONSUMER NATIONAL BANK.
No. 55282.
Supreme Court of Mississippi.
January 22, 1986.
*1125 John Arthur Eaves, Eaves & Eaves, Jackson, for appellant.
Arthur D. Currie, Jackson, for appellee.
Before WALKER, P.J. and ROBERTSON and SULLIVAN, JJ.
ROBERTSON, Justice, for the Court:

I.
This appeal provides an object lesson regarding what showing is  and what is not  sufficient to avoid summary judgment in a suit on a promissory note where the maker asserts an affirmative defense.
Under our law one who signs a note is personally obligated unless it affirmatively appears that he signs on behalf of another. Where on the face of the note one appears individually liable, he nevertheless may have a defense if he signed the note in blank and the payee/holder failed to honor an agreement to complete the note to show the signatory's representative capacity. In the face of the payee/holder's motion for summary judgment, however, this affirmative defense must be established via verified affidavits based upon personal knowledge or other equally reliable evidence. Failing such a response in this form, the payee/holder is entitled to summary judgment and the maker's defense is gone with the wind.

II.
On March 29, 1982, Cary L. Hill executed an interest bearing promissory note in the *1126 principal sum of $17,600.00 and delivered same to Consumer National Bank (hereinafter "Bank"), a national banking association domiciled and doing business in Hinds County, Mississippi. Hill was the Defendant below and is the Appellant here. The Bank was the Plaintiff below and is the Appellee here. The note was payable ninety-one (91) days from date of its making and bore interest at the rate of seventeen percent (17%) per annum. Without dispute, Hill failed to pay the note when due. On December 1, 1982, the Bank brought suit on the note by filing its complaint in the Circuit Court of Hinds County, Mississippi, demanding judgment of and against Hill in the aggregate amount of principal, accrued interest and reasonable attorneys fees.
On September 8, 1983, the Bank invoked Rule 56, Miss.R.Civ.P., and sought summary entry of judgment in its favor. Attached to the Bank's motion was the affidavit of its president, John H. White, Jr., which, in pertinent part, stated:
The promissory note[[1]] dated March 29, 1982, in the amount of $17,600.00, *1127 bearing interest at the rate of 17% per annum from date, which note is attached as Exhibit "A" to the Declaration and is the note sued upon, was executed by said Defendant [Hill] in payment of a previous note executed by Defendant. Said previous note was dated October 29, 1981, and was in the sum of $17,600.00. As of August 22, 1983, the total amount due on said note is $17,542.68 principal and $4,183.35 interest, for a total sum of $21,726.03. The interest is accruing at the rate of $8.17 per day.
Although numerous demands were made on said Defendant to pay said note, he has failed and refused to pay the same, and it was necessary to turn this note over to an attorney to collect the same.
On October 10, 1983, the Circuit Court entered its order sustaining the motion for summary judgment. The aggregate judgment entered against Hill, including attorneys fees, is in the amount of $28,968.04.[2] Immediately thereafter Hill filed what in effect was a motion for a rehearing or reconsideration of the summary judgment and on November 1, 1983, that motion was overruled and denied.

III.
Hill first complains of the absence of a final judgment from which this appeal may be taken. The record reflects an order of the circuit court entered October 10, 1983, which provides, in pertinent part, that:
IT IS, THEREFORE, ORDERED AND ADJUDGED that Plaintiff's [Bank's] Motion for Summary Judgment in the amount of $28,968.04 is hereby sustained, ... .
Despite other extraneous wording contained in this order, it is enough of a judgment to be a judgment. When the circuit court overruled Hill's motion for rehearing on November 1, 1983, the Bank's judgment became final and thus appealable by Hill. Of more practical concern to Hill no doubt is that the judgment is also sufficient to undergird auxiliary enforcement process via execution, garnishment or the like, process to which, in the absence of supersedeas, we understand the Bank has resorted.

IV.
The March 29, 1982 promissory note appears to be a valid and subsisting obligation of Cary L. Hill. Certainly no defense is apparent on the face of the note. Hill argues that the note was given to pay another note held by the Bank which had been made by C & H Distributors, Inc., a Mississippi corporation in which Hill had an interest. Hill urges that he made and executed the note in question in a representative capacity on behalf of C & H Distributors, Inc. and therefore should have no individual liability.
An answer prima facie sufficient may be found in Miss. Code Ann. § 75-3-403(2)(a) (1972) which provides:
An authorized representative who signs his own name to an instrument is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity; ... .
This statute is plain and simple and there is no reason to think it to mean anything other than just what it says. Barden & Robeson Corp. v. Ferrusi, 384 N.Y.S.2d 596, 52 A.D.2d 1061; 19 UCC Reps. 1170 (1976); Reitman, Weisblatt, Schlichting, Rice, Cooper: 6 Banking Law: Checks, Drafts and Notes § 114.04. See also UCC § 3-403 Official Comment 2 and 3. In a similar context Marine Midland Bank v. Dimarzo, 395 N.Y.S.2d 791, 57 A.D.2d 733 (1977), holds:
Inasmuch as the only signature appearing on the promissory note is that of defendant and the note neither names any party represented by defendant nor *1128 demonstrates that defendant signed it in a representative capacity, his unambiguous status as maker of the note necessitates the conclusion that he would be the obligor and, therefore, the appropriate party from whom to seek payment. (Uniform Commercial Code, §§ 3-401[1], 3-403[2], [3], 3-413; see also Ranhand v. Sinowitz, 26 N.Y.2d 232, 235, 309 N.Y.S.2d 323, 324, 257 N.E.2d 877, 879; Star Dairy, Inc. v. Roberts, 37 A.D.2d 1038, 1039, 326 N.Y.S.2d 85, 86).
395 N.Y.S.2d at 792.
One may search the instrument here at issue long and carefully and find no indication that Hill signed in a representative capacity nor the name of the person or corporation represented.
By way of defense Hill argues that the note form was executed in blank by him pursuant to an understanding that he was signing in a corporate capacity as president of C & H Distributors, Inc. In the case of an instrument incomplete at the time it is signed, and which is subsequently completed by the holder, the holder may enforce it as though it had been completed prior to signing, provided that the instrument has been "completed in accordance with authority given... ." Miss. Code Ann. § 75-3-115(1) (1972); Davis v. Commonwealth, 399 S.W.2d 711, 712-13, 3 UCC Reps. 363 (Ky.App. 1965). If there had been an agreement such as Hill claims and the Bank violated it, Hill might well have a defense, at least insofar as he has been sued by the Bank which is not a holder in due course. Miss. Code Ann. § 75-3-407 (1972).
The problem Hill encounters here is that he has not presented his defense in a form cognizable in opposition to a motion for summary judgment. The Bank supported its motion for summary judgment with a straightforward affidavit of and from its president, that the note was executed by Hill, was held by the Bank, was not paid when due and had not been paid as of the date of the affidavit. The affidavit with the note attached also afforded the means of computing the amount due and payable on any given day. The affidavit established prima facie the Bank's entitlement to judgment.
Faced with such a showing, a party such as Hill opposing such a motion for summary judgment must be diligent in demonstrating to the Court that there is a genuine issue of material fact and that the movant is not entitled to judgment as a matter of law. See, e.g., Bourn v. Tomlinson Interest, Inc., 456 So.2d 747, 749 (Miss. 1984); Brown v. Credit Center, Inc., 444 So.2d 358, 364 (Miss. 1983). Rule 56(e), Miss.R.Civ.P., provides, in pertinent part, that:
When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
A party opposing summary judgment may not rely merely upon the unsworn, unadmitted allegations of his pleadings. He must support his denials or the facts constituting his affirmative defenses by facts sworn to on personal knowledge in depositions, answers to interrogatories or affidavits, or through such other appropriate form as stipulations of fact or admissions procured under Rule 36, Miss.R.Civ.P. The unsworn allegations of an answer will hardly ever be sufficient. Smith v. First Federal Savings & Loan Association, 460 So.2d 786, 792 (Miss. 1984); Brown v. Credit Center, Inc., 444 So.2d 358, 364 (Miss. 1983). Such an approach is necessary in order that Rule 56 may fulfill its purpose to separate the real from the pretended and to reserve for consumption of precious judicial resources only those cases where there be genuine issues of material fact.
In the case at bar, Cary L. Hill relies upon his answer of June 20, 1983, and his amended answer filed October 5, 1983. To be sure, these answers do allege that Hill *1129 signed the note in blank pursuant to an understanding that it was a corporate note. This defense, however, is not set forth in the form required by Rule 56(e) and by our cases. These pleadings are merely signed by counsel for Cary L. Hill without verification or indication of personal knowledge. On the other hand, the motion for summary judgment is supported by an affidavit adequate under Rule 56(e). Taking the facts set forth in that affidavit as true  which we must do in light of the absence of a sworn denial or sworn affirmative defense from Hill  summary judgment was proper. The judgment entered in the amount of $28,968.04 in favor of Bank and against Hill is affirmed.
AFFIRMED
PATTERSON, C.J.; WALKER and ROY NOBLE LEE, P.J., and HAWKINS, DAN M. LEE, PRATHER, SULLIVAN and ANDERSON, JJ., concur.
NOTES
[1] The note in pertinent part reads as follows:

 COMBINATION NOTE AND DISCLOSURE STATEMENT
 CONSUMER NATIONAL BANK ____ NEW NOTE
 JACKSON, MISSISSIPPI X RENEWED NOTE
 DATE OF NOTE BORROWER NUMBER NOTE NUMBER DATE DUE
 3-29-82 891-2495 6-28-82 
 BORROWER NAME AND ADDRESS
 Cary L. Hill, Sr. 
 P.O. Box 5295 
 Touscaloosa, AL 35405 
 $17,600.00 
 AMOUNT OF NOTE
91 days after date, the undersigned (jointly and severally, if more than
one) hereinafter called Maker, promises to pay CONSUMER NATIONAL BANK,
Jackson, Mississippi, or order
Seventeen thousand six hundred and 00/100[*******] DOLLARS
with interest thereon at the rate of 17 percent per annum from date until
paid.
 * * * * *
 /s/ Cary L. Hill 
 * * * * *
CREDIT LIFE: This insurance is not required in connection with this loan.
The cost of credit life insurance for the term of credit is $88.00.
 I DESIRE TO OBTAIN THE LIFE INSURANCE COVERAGE.
DATE _____________________________
 (Maker's Signature)
 I DO NOT DESIRE TO OBTAIN THE LIFE INSURANCE COVERAGE.
DATE 3-28-82 /s/ Cary L. Hill 
 (Maker's Signature)
 * * * * *
By executing this combination Note and Disclosure Statement, the undersigned
acknowledge receipt of a completely filled in copy hereof prior to
execution.
 /s/ Cary L. Hill 

As will be explained below, Hill has argued that when he delivered the note form to the Bank, the only blanks that had been filled in were the three blanks where his personal signature appears.
[2] No issue is tendered on this appeal regarding the correctness of the amount owing to the Bank under the note.