■ CHARLES S. HOPE et al., Respondents, v CONTEMPORARY FUNDING GROUP, Appellant.—In an action, *inter alia,* to declare a mortgage and promissory note void on the ground that they are usurious, the defendant appeals (1) from an order and judgment (one paper) of the Supreme Court, Queens County (Graci, J.), dated February 3, 1986, which, *inter alia,* granted the plaintiffs' motion for summary judgment, and was in favor of the plaintiffs and against it in the principal sum of $40,000, and (2) from an order of the same court, dated July 1, 1986, which denied its motion for reargument.

Ordered that the appeal from the order dated July 1, 1986 is dismissed, as no appeal lies from an order denying a motion for reargument; and it is further,

Ordered that the order and judgment dated February 3, 1986, is modified by deleting the third decretal paragraph thereof directing the defendant to refund the sum of $4,408.01 to the plaintiffs. As so modified, the order and judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith; and it is further,

Ordered that the defendant is awarded one bill of costs.

Special Term properly concluded that the defendant's motion, denominated as a motion for renewal or reargument, was a motion for reargument. No appeal lies from the denial of that motion *(see, Caffee v Arnold,* 104 AD2d 352).

Special Term also properly granted summary judgment to the plaintiffs. The mortgage note bearing interest at 17½% per annum was usurious on its face *(see,* Banking Law § 14-a; General Obligations Law § 5-511). Further, the discount of $3,200 retained by the defendant lender in connection with

the loan secured by an interest in the plaintiffs' one-family dwelling is construed to be additional "interest" charged to the plaintiffs (General Obligations Law § 5-501; 3 NYCRR 4.2).

The defendant's contention that although the note was signed by the plaintiffs in their individual capacities, the loan was intended and used for corporate purposes and thus the usury laws applicable to corporate loans should govern, is without merit. "The mere fact that the borrowed funds were expected to be or were intended to be used for corporate purposes cannot transform an individual obligation into a corporate obligation" *(Ranhand v Sinowitz,* 26 NY2d 232, 235).

However, Special Term erred in directing the defendant to "refund to the plaintiffs the sum of * * * $4,408.01, which sum represents the payments of principal and interest which the plaintiffs had made on the note and pursuant to the mortgage". In *Szerdahelyi v Harris* (67 NY2d 42, 51), it was held that with respect to a usurious loan, the lender cannot recover "the money loaned or the interest remaining due in this transaction", but the defendant "need not return the lawful interest plaintiff has already paid".

Accordingly, the order and judgment dated February 3, 1986 is modified so as to delete the provision thereof which directs the defendant to refund to the plaintiffs the sum of $4,408.01, and this case is remitted to the Supreme Court, Queens County, to determine the amount of the lawful interest and/or principal the plaintiffs have already paid, the amount, if any, already repaid to the plaintiffs and to provide for a return to the plaintiffs that sum determined to be in excess of the lawful interest. Mangano, J. P., Brown, Niehoff and Spatt, JJ., concur.