JANET ISHKHANIAN, Respondent, v ARPI GUEKGUEZIAN et al., Appellants.—

Plaintiff commenced this action by summons and notice of motion to recover on two promissory notes executed by the defendant in plaintiff's favor. It is not contested that the notes represent a balance of $75,000 owed by defendant and her wholly owned company Park Travel Ltd. on a $25,000 loan previously made to defendant Guekguezian, individually, and a $100,000 collateral agreement given by plaintiff to secure a loan to defendant's company in that amount from Bank Audi (USA). Defendant defaulted on the bank loan and the bank claimed plaintiff's funds. The two notes were executed for $25,000 and $50,000, respectively, and were each due on a date certain. Defendant signed both notes as maker. She signed the $25,000 note below her typewritten name, and signed the $50,000 note below the typewritten words "Arpi Guekguezian and Park Travel Limited".

Defendant concedes that she failed to pay the notes when they became due, but seeks to avoid payment on the ground that she signed the notes under duress. Defendant submitted an affidavit below in which she alleges that plaintiff's husband

threatened her with physical violence and threatened to take her dog away if she did not sign the notes. Plaintiff submitted the affidavit of her husband and herself, refuting defendant's assertions and stating that the entire transaction was conducted through two third parties.

Defendant's acknowledgment of the debt in the exact amount covered by the notes, which bear no interest rate, renders her general allegations of duress suspect. Without further proof in evidentiary form, those allegations fail to raise a triable issue with respect to the defense of duress. *(Cf., Sulner v Traver,* 75 AD2d 616; *see also, Conolog Corp. v P. R. Elecs. Export,* 140 AD2d 190.) Defendant's assertion that the notes were executed by her as an officer of her corporation to cover corporate debts is equally unavailing. There is no indication of her representative capacity on either note, and that assertion contradicts the unambiguous terms of the notes. *(Hackensack Cars v Beverly,* 140 AD2d 254, *lv dismissed* 72 NY2d 1041; *Marine Midland Bank v DiMarzo,* 57 AD2d 733.) Concur—Kupferman, J. P., Milonas, Kassal, Wallach and Rubin, JJ.