■ MARC GARDNER, Appellant, v JOSE A. RIVAS, Respondent.—Order, Supreme Court, New York County (Myriam J. Altman, J.), entered on or about October 2, 1989, which granted defendant's motion to dismiss the complaint for failure to state a cause of action, unanimously reversed, on the law, the motion denied and the complaint reinstated, with costs and disbursements. Appeal from the order of the same court and Justice, entered November 15, 1989, denying plaintiff's motion for reargument, dismissed as nonappealable, without costs.

Plaintiff alleges that sometime prior to April 11, 1984 he requested defendant Rivas, who falsely represented himself to be a licensed architect, to perform design work in his apartment, and that the work was done defectively over a three-year period, causing plaintiff to sustain damages of $25,000. Plaintiff also seeks the return of the $86,699 which he paid to defendant. Defendant did not answer but instead moved to dismiss the complaint on the ground, *inter alia,* that the written agreement was between plaintiff and DGR Design, Inc., not defendant. The latter agreement, dated April 11, 1984, contains a "DGR" logo at the top thereof, but the word "Inc." does not appear. Nor is there any other indication that DGR is a corporation. Defendant signed in his own name, without any indication that he was acting as an agent or representative of any other entity. Thus, defendant would

appear to have bound himself personally to the contract obligations. *(See, Ishkhanian v Guekguezian,* 158 AD2d 325.) Two subsequent bills, dated July 12 and November 7, 1986, which were submitted under a "DGR Design, Inc." letterhead, do not detract from this conclusion.

In the circumstances, the IAS court should not have granted the motion. Issue has not been joined nor discovery taken. The skimpy record before us does not justify the court's conclusion that "[a]ll of these documents reveal that defendant Rivas was not hired to design [plaintiff's] apartment in his individual capacity, but rather that DGR Design, Inc. was hired." Accordingly, we reverse, deny the motion and reinstate the complaint. Concur—Kupferman, J. P., Sullivan, Carro and Milonas, JJ.