■ WILLOW FUNDING COMPANY, L.P., Appellant, v LONNY LINDENBAUM, Respondent, et al., Defendants. [609 NYS2d 850] — In a mortgage foreclosure action, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Lama, J.), en-

tered February 1, 1991, which denied its motion for summary judgment against the defendant Lonny Lindenbaum.

Ordered that the order is modified, on the law, by deleting the provision thereof which denied the plaintiff's motion in its entirety, and by substituting therefor a provision granting the plaintiff's motion to the extent of dismissing the defendant's second affirmative defense, second counterclaim, and third (repetitively denominated "first") affirmative defense, and otherwise denying the motion; as so modified, the order is affirmed, without costs or disbursements.

We agree with the Supreme Court that issues of fact exist with respect to whether the establishment of a "reserve fund" in connection with the mortgage loan issued in this case constituted, in substance, the fixing of a usurious interest rate (see generally, Hope v Contemporary Funding Group, 128 AD2d 673; Vee Bee Serv. Co. v Household Fin. Corp., 51 NYS2d 590, affd 269 App Div 772). The respondent is thus entitled to a trial on the issues raised in his first affirmative defense and first counterclaim. However, upon this record, there is no issue of fact concerning the applicability of the statutes and regulations upon which he based his second affirmative defense, second counterclaim and third (repetitively denominated "first") affirmative defense, and those statutes and regulations are inapplicable. We modify the order appealed from accordingly. Bracken, J. P., Sullivan, Miller and Lawrence, JJ., concur.