■ DOLLAR DRY DOCK SAVINGS BANK OF N. Y., as Successor by Merger to DRY DOCK SAVINGS BANK, Plaintiff, v EVELYN BELLINO, Respondent, C.I.T. FINANCIAL SERVICES, INC., Appellant, et al., Defendants. [615 NYS2d 70] —In an action to determine the distribution of surplus monies following a foreclosure sale, the defendant C.I.T. Financial Services, Inc., appeals (1) as limited by its notice of appeal and brief, from so much of an order and judgment (one paper) of the Supreme Court, Queens County (Rutledge, J.), dated July 2, 1992, as denied its motion to reject the report of the Referee and

granted the cross motion of the defendant Evelyn Bellino to confirm the report, and (2) as limited by its notice of appeal and brief, from so much of an order of the same court, dated October 14, 1992, as denied its motion for reargument of the court's previous determination.

Ordered that the appeal from the order dated October 14, 1992, is dismissed, without costs or disbursements, since no appeal lies from an order denying reargument; and it is further,

Ordered that the order and judgment dated July 2, 1992, is modified by deleting the fourth decretal paragraph thereof directing the defendant C.I.T. Financial Services, Inc., to pay the defendant Evelyn Bellino the principal sum of $21,259.45. As so modified, the order and judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Queens County, for further proceedings in accordance herewith.

The Supreme Court properly held that the loan which the predecessor in interest of C.I.T. Financial Services, Inc. (hereinafter C.I.T.), made to Evelyn Bellino in March of 1981 was usurious pursuant to Banking Law former § 351 (e), former § 354, § 14-a, and General Obligations Law § 5-501 that were in effect on the date the loan was made. However, the Supreme Court erred in directing C.I.T. to refund to Bellino the principal sum of $21,259.45, which represents all interest payments made by Bellino on the void mortgage and note. General Obligations Law § 5-513 provides that, once a borrower starts to repay a usurious loan, the borrower can only recover from the lender the amount of money the borrower paid that is more than the legal interest *(see, Szerdahelyi v Harris,* 67 NY2d 42, 51; *Hope v Contemporary Funding Group,* 128 AD2d 673, 674).

Accordingly, the order and judgment dated July 2, 1992, is modified by deleting the provision thereof which directs C.I.T. to refund to Bellino the principal sum of $21,259.45, and this case is remitted to the Supreme Court, Queens County, to determine the amount of interest Bellino has already paid in excess of the lawful interest. Mangano, P. J., Bracken, Joy and Hart, JJ., concur.