762 So.2d 795 (2000)
Barbara BENSON and Bruce Benson, Appellants,
v.
NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, P.A., Appellee.
No. 1998-CA-01516-COA.
Court of Appeals of Mississippi.
June 27, 2000.
*797 Kenneth S. Womack, Attorney for Appellants.
Edley H. Jones, III, Ridgeland, Wes W. Peters, Jackson, Attorneys for Appellee.
BEFORE McMILLIN, C.J., LEE, AND MOORE, JJ.
LEE, J., for the Court:
¶ 1. The appellant, Barbara Benson, appeals the granting of summary judgment by the Circuit Court of Hinds County which found that she had failed to adequately identify, argue or present any fact or matter which would be sufficient to create a genuine issue of material fact in support of a claim of bad faith against the defendant below, National Union Fire Insurance Company, in the course of her workers' compensation claim. Finding no error, we affirm the summary judgment of the lower court.

PROCEDURAL AND EVIDENTIARY FACTS
¶ 2. While employed at Wal-Mart as a stocker whose work required the repetitive opening and handling of boxes, Barbara Benson suffered a work related injury which was diagnosed as bilateral carpal tunnel syndrome. Benson took leave from her job on June 21, 1991 and underwent surgery to her left wrist.[1] Surgery was performed on her right wrist the next month. Though her employer and carrier initially denied Benson's claim for workers' compensation benefits, she began receiving temporary total occupational disability benefits on November 19, 1991. However, Benson also claimed that she developed psychiatric problems as a result of her injury, and the specific issue regarding compensation for psychiatric treatment was brought before the administrative judge at a hearing in November 1992 for a resolution. It is this issue which is the subject of this appeal.
¶ 3. The order of the administrative judge of January 8, 1993, acknowledged, from the evidence presented by various medical experts regarding the source of Benson's psychiatric problems, that Benson had an abusive childhood and had been bothered with depression and anxiety most of her life. However, the administrative judge, in the order's conclusions of law and fact, found that Benson's severe depression and suicidal psychosis condition was caused by the anxiety induced by the pain in Benson's hands and by the initial denial of her claim by the employer and carrier. The order stated that her mental problems were causally related to her industrial injury and provided for payment of all medical expenses incurred because of injuries sustained in the accident. In addition, the order provided for the blanket payment of "all necessary future medical treatment, including the inpatient psychiatric treatment recommended by Dr. Mark C. Webb." This order was appealed to the Full Commission and most of its provisions were affirmed on October 12, 1993; however, the blanket payment for future services rendered by Dr. Webb was restricted. The Commission's order provided that Dr. Webb's services were to be continued only until Benson reached maximum medical recovery and instructed Webb to provide the Commission with a progress report of the extent and degree of Benson's disability within sixty days of having determined that maximum medical recovery was attained. On September 14, 1994, another order was issued by the administrative judge which granted the employer and carrier's *798 request for an independent medical examination and evaluation. The administrative judge selected Dr. George Hamilton to determine whether Benson was in need of any further treatment. In addition, the order provided that the employer and carrier were to pay for all medical costs incurred to date relating to Benson's psychiatric treatment but excluded costs accrued from treatment by Dr. Donald Guild.
¶ 4. On October 27, 1995, Benson filed her complaint against the insurance carrier asserting bad faith in the payment of her claims. Attached to the complaint as exhibits were certain letters which included a list of expenses for Benson's mileage and pharmaceutical bills. However, the complaint did not allege that those expenses had not been paid nor did it identify which expenses remained unpaid that had been ordered paid by the Workers' Compensation Commission. On August 23, 1996, National Union filed a motion to dismiss. In the motion was attached an exhibit of National Union's payment history for Benson's claims which showed that it had paid approximately $200,000 to Benson for her claims which began on November, 1991 and continued to the present. Though the motion to dismiss was not granted, the court granted National Union's motion for a more definite statement pursuant to M.R.C.P, 12(e). This required Benson to provide the carrier, within twenty days of the order, with an itemization of the expenses she asserts it had been ordered to pay by the Mississippi Workers' Compensation Commission and which it had failed to pay. Benson never provided the more definite statement and on April 16, 1998, the insurance carrier was granted its motion for summary judgment. The trial court concluded that Benson had failed to adequately identify, argue or present any fact or matter which would be sufficient to create a genuine issue of material fact in support of a claim of bad faith against National Union Fire Insurance Company in the course of her workers' compensation claim. It is from that judgment that Benson now appeals.

STANDARD OF REVIEW
¶ 5. The Mississippi Supreme Court has set forth the standard of review for summary judgment in Aetna Cas. and Surety Co. v. Berry, 669 So.2d 56, 70 (Miss.1996)(citing Mantachie Nat. Gas v. Miss. Valley Gas Co., 594 So.2d 1170, 1172 (Miss.1992)). The standard for reviewing the granting or the denying of summary judgment is the same standard as is employed by the trial court under Rule 56(c). This Court conducts de novo review of orders granting or denying summary judgment and looks at all the evidentiary matters before itadmissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made, that is, the non-movant is given the benefit of the doubt. If the moving party is entitled to judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter and another says the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. Id. at 70. The movant bears the burden of persuading the trial judge that: (1) no genuine issue of material fact exists, and (2) on the basis of the facts established, he is entitled to judgment as a matter of law. Pargo v. Elec. Furnace Co., 498 So.2d 833, 835-36 (Miss.1986); Smith v. Sanders, 485 So.2d 1051, 1054 (Miss.1986). Mere allegation or denial of material fact is insufficient to generate a triable issue of fact and avoid an adverse rendering of summary judgment. Sanders, 485 So.2d at 1054; Hill v. Consumer Nat'l Bank, 482 So.2d 1124, 1128 (Miss. 1986).

*799 ISSUE AND DISCUSSION

IS THERE A GENUINE ISSUE OF MATERIAL FACT IN SUPPORT OF BENSON'S CLAIM OF BAD FAITH AGAINST NATIONAL UNION IN THE COURSE OF ITS PAYMENT OF HER WORKERS' COMPENSATION BENEFITS?
¶ 6. In order for Benson to jump the hurdle of the exclusive remedy provision provided in Miss.Code Ann § 71-3-9 (Rev.1995) by Mississippi's Workers' Compensation Law and defeat the court's granting of summary judgment in her bad faith claim, she must first establish that there is a genuine issue of material fact that certain benefits were in fact denied. Once this is accomplished she must show, in addition, that there was no legitimate or arguable reason to deny the benefits, Aetna Cas. & Surety Co. v. Steele, 373 So.2d 797, 801 (Miss.1979), and that the denial constituted a willful or malicious wrong in disregard for her rights. Weems v. American Sec. Ins. Co., 486 So.2d 1222, 1226-27 (Miss.1986).
¶ 7. It is thus incumbent upon Benson to itemize the expenses she alleges were denied in order for the court to establish a basis to determine whether a genuine issue of material fact exists that those benefits were denied. The court therefore ordered Benson to provide the carrier, within twenty days of its order of September 26, 1996, with an itemization of the expenses she asserts were denied. Benson makes much ado in her reply brief that she never received a copy of the order dated September 30, 1996, cited by the carrier in its brief asking for a more definite statement regarding Benson's unpaid expenses, but instead had received an order dated September 26, 1996. A review of the record shows that both orders were identical regarding this provision and that Benson, therefore, had the requisite information needed in order to provide the carrier with a more definite statement. The record shows no indication that Benson ever complied with the order. In fact, Benson, in response to interrogatories provided to National Union one and a half years after the order for a more definite statement was filed and after its motion for summary judgment was filed, still did not itemize her unpaid expenses, but replied to this interrogatory as follows:
Defendant has the same access as Plaintiffs to all information regarding what Defendant has been ordered to pay by the Mississippi Workers' Compensation Commission. Additionally, Plaintiffs assert on information and belief that the Defendant has or should have all the records of what bills it has paid and what bills it has not paid in regard to this workers' compensation claim.
¶ 8. In addition, Benson argues in her brief that National Union did not produce one canceled check which was endorsed by the plaintiffs which would prove that the plaintiffs received payment for the debts asserted in the complaint. Benson has incorrectly applied the burden of proof in a bad faith claim such as this. Once National Union filed its motion for summary judgment, Benson bore the burden of proof to establish the elements of her case. Caldwell v. Alfa Ins. Co., 686 So.2d 1092, 1097 (Miss.1996).
¶ 9. Benson asserts that the unpaid expenses were itemized in three letters written between August of 1993 and January of 1994 and included as exhibits to her complaint. We acknowledge that these letters were included as exhibits to Benson's complaint; however, once the court considers a motion for summary judgment, Benson may no longer rely upon general allegations in the complaint to resist the motion. More specifically, Benson may not rely solely upon the unsworn allegations in the pleadings, or "arguments and assertions in briefs or legal memoranda." Magee v. Transcontinental Gas Pipe Line Corp., 551 So.2d 182, 186 (Miss.1989); Hill v. Consumer Nat'l Bank, 482 So.2d at 1128-29. Benson, as the party opposing the motion for summary judgment, *800 must by affidavit or otherwise set forth specific facts showing that there are indeed genuine issues for trial. Fruchter v. Lynch Oil Co., 522 So.2d 195, 199-99 (Miss.1988) (citing Matter of Launius, 507 So.2d 27, 30 (Miss.1987)). This is wholly consistent with the oft stated premise that the party against whom a motion for summary judgment has been made must respond with diligence, remaining silent at its peril. Mere allegation of a material fact in one's pleadings is not sufficient to generate an issue of fact sufficient to avoid summary judgment. Smith v. Sanders, 485 So.2d at 1054; Hill v. Consumer Nat'l Bank, 482 So.2d at 1128. That the expenses listed in the letters attached as exhibits to the complaint are mere unsworn allegations is verified by the fact that in Benson's response to the request for admissions dated May 21, 1997, Benson admitted that one of the expenses listed in the letter had in fact been paid and that she was not certain whether certain other expenses had been paid.
¶ 10. When a party opposing summary judgment on a claim as to which that party will bear the burden of proof at trial fails to make a showing sufficient to establish an essential element of that claim, then all other facts are immaterial, and the moving party is entitled to judgment as a matter of law. Crain v. Cleveland Lodge 1532, 641 So.2d 1186, 1188 (Miss.1994). Since Benson failed to establish a genuine issue of material fact that certain benefits were in fact denied, we find it unnecessary to address the other two requirements that must be established in order to prevail in a claim for damages for bad faith, that is, whether there was a legitimate or arguable reason to deny the benefits, Aetna Cas. & Surety Co. v. Steele, 373 So.2d at 801, and whether the denial constituted a willful or malicious wrong in disregard for her rights. Weems v. American Sec. Ins. Co., 486 So.2d at 1226-27. Nevertheless, this State has recognized that where there is a legitimate or arguable reason in denial or delay of payments, there is no valid claim for punitive damages. Mutual Life Ins. Co. v. Estate of Wesson, 517 So.2d 521, 527 (Miss.1987). The record is replete with medical testimony indicating that the source of Benson's psychiatric condition was in question and there existed a legitimate reason to delay payments until this issue was resolved.
¶ 11. Finding no error, we affirm.
¶ 12. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, MOORE, PAYNE, AND THOMAS, JJ., CONCUR.
NOTES
[1] According to Benson's deposition testimony, she actually suffered her injury on April 30, 1991. She reported the injury to her employer at that time and saw a doctor on that date. However, she continued to work until June 21, 1991, when she had surgery on her left wrist.