KING, C.J.,
for the Court.
¶ 1. The Circuit Court of Jackson County, Mississippi granted summary judgment in favor of Nationwide General Insurance Company against Thelma R. Byrd. The circuit court determined that Byrd had failed to demonstrate the existence of a genuine issue of material fact in support of her claim that the owner of the vehicle in which she was a passenger and the driver of the other vehicle (David Hutchinson) were underinsured motorists. Byrd raises the following issues on appeal:
I. Whether the trial court erred in granting summary judgment.
II. Whether the limit of liability insurance to qualify for underinsured motorist benefits, when multiple parties claim liability insurance proceeds from a single policy, is the amount of liability insurance proceeds received.
FACTS
¶ 2. On November 28, 1998, Thelma R. Byrd was a passenger in a vehicle owned and operated by Mary Byrd Ellis. On that occasion, a collision occurred between Ellis’ vehicle and a vehicle operated by David Hutchinson.
¶ 3. Ellis had an automobile liability policy which included uninsured motorist coverage through Nationwide General Insurance Company. Ellis’ policy provided for liability limits of $100,000 per occurrence and uninsured motorist limits in the amount of $50,000 per occurrence.
¶ 4. Byrd owned no vehicle, and therefore did not have personal automobile insurance.
¶ 5. On September 28, 2001, Byrd filed a civil action as a result of this collision. On November 1, 2001, Byrd filed an amended complaint alleging (1) negligence against Ellis and Hutchinson and (2) that the liability insurance policies carried by Ellis and Hutchinson were inadequate to fully compensate her for the injuries and damages she sustained.
¶ 6. Nationwide responded to Byrd’s complaint in December 2001. On July 25, 2002, Nationwide filed a motion for summary judgment arguing that the Ellis vehicle was not an underinsured vehicle. On January 3, 2003, the trial court granted Nationwide’s motion for summary judgment. The trial court determined that the Ellis vehicle was not an underinsured vehicle as interpreted by Fid. & Guar. Underwriters, Inc. v. Earnest, 699 So.2d 585 (Miss.1997). On May 9, 2003, an amended order granting Nationwide’s motion for summary judgment was filed. The amended order provided that pursuant to Rule 54 of the Mississippi Rules of Civil Procedure, entry of the final judgment would be effective January 3, 2003, in favor of Nationwide General Insurance Company.
ISSUES AND ANALYSIS
I.
Whether the trial court erred in granting summary judgment.
¶ 7. Byrd argues that the trial court erred in granting Nationwide’s motion for summary judgment. This Court conducts a de novo review of orders granting or denying summary judgment. Benson v. Nat'l Union Fire Ins. Co. of Pittsburgh, P.A., 762 So.2d 795(¶ 5) (Miss.Ct.App. *1094 2000). “The burden of demonstrating that there is no genuine issue of material fact falls on the party requesting the summary judgment.” Miller v. Meeks, 762 So.2d 302(¶ 3) (Miss.2000). The court must review all evidentiary matters before it which include: admissions in pleadings, answers to interrogatories, depositions, and affidavits. Id. This evidence must be viewed “in the light most favorable to the party against whom the motion for summary judgment is made.” Id.
¶ 8. Byrd claims that unresolved issues of material fact made the trial court’s grant of summary judgment premature. Byrd lists as unresolved material facts the following:
(1) The sum, if any, that Plaintiff Thelma R. Byrd would receive from Defendant Nationwide General Insurance Company under Nationwide’s motor vehicle liability coverage was unknown[.] and/or
(2) The sum, if any that the other claimants would receive under Nationwide’s motor vehicle liability coverage was unknown.
(3) Whether other claimants would qualify as victims of an underinsured motorist was unknown (affecting the availability of underinsured motorist benefits for Plaintiff Byrd).
¶ 9. Nationwide filed the motion for summary judgment to determine whether the Ellis vehicle was underinsured for purposes of Byrd’s claim under the uninsured motorist provision of the Ellis policy. Nationwide claimed that the only material facts essential to a determination of whether the Ellis vehicle qualified as an underinsured vehicle were the limits of bodily injury coverage on the Ellis vehicle, limits of uninsured motorist coverage on the Ellis vehicle, and the limits of personal uninsured motorist coverage held by Byrd. Nationwide maintained that because this information was provided, no genuine issues of material fact existed.
¶ 10. Nationwide relied on Thiac v. State Farm Mut. Auto. Ins. Co., 569 So.2d 1217 (Miss.1990), where a guest passenger, without her own insurance, was injured in a single vehicle automobile accident and sued the driver’s insurer for underinsured motorist benefits after collecting the policy limit liability benefits from the carrier. The supreme court determined that the “insured driver-tort-feasor was not under insured with respect to [the] guest passenger injured in [a] single vehicle accident who had no insurance coverage of her own.” Id. at 1217. The supreme court further noted that to make other coverage available a court should look at the guest passenger’s own coverage and the host vehicle’s coverage in determining whether the insured host vehicle is underinsured. Id. at 1221.
¶ 11. Nationwide also cites to Fid. & Guar. Underwriters, Inc. v. Earnest, 699 So.2d 585(¶ 2) (Miss.1997), where Earnest and two other passengers were killed in a single vehicle accident. The vehicle was covered under a liability policy issued by Fidelity & Guaranty Underwriters, Inc., which included $50,000 single limits liability coverage and $25,000 in uninsured motorist coverage. The supreme court determined that in looking at whether the tortfeasor’s vehicle' qualifies as an underin-sured vehicle, the limits of bodily injury coverage on a tortfeasor’s vehicle must be compared with the limits of the tortfea-sor’s uninsured motorist coverage, and the limits of personal uninsured motorist coverage held by the claimant.
¶ 12. Byrd has not shown that the trial court applied the incorrect standard, or that the court lacked all necessary information to determine whether the Ellis vehicle was underinsured. Given the appli *1095 cable standard, and the evidence available to the trial court, this Court cannot say it was error to grant summary judgment.
II.
Whether the limit of liability insurance to qualify for underinsured motorist benefits, when multiple parties claim liability insurance proceeds from a single policy, is the amount of liability insurance proceeds received.
¶ 13. Byrd asks this Court to hold that in a multi-vehicle collision the question of underinsured motorist status should be determined by dividing the total amount of available insurance coverage by the total number of potential claimants.
¶ 14. Uninsured motorist coverage is mandated and defined by Mississippi Code Annotated Sections 83-11-101 and 83-11-103(c)(iii) (Rev.1999):
¶ 15. Mississippi Code Annotated Section 83-11-101(1) provides:
(1) No automobile liability insurance policy or contract shall be issued or delivered after January 1, 1967, unless it contains an endorsement or provisions undertaking to pay the insured all sums which he shall be legally entitled to recover as damages for bodily injury or death from the owner or operator of an uninsured motor vehicle, within limits which shall be no less than those set forth in the Mississippi Motor Vehicle Safety Responsibility Law, as amended, under provisions approved by the commissioner of insurance; however, at the option of the insured, the uninsured motorist limits may be increased to limits not to exceed those provided in the policy of bodily injury liability insurance of the insured or such lesser limits as the insured elects to carry over the minimum requirement set forth by this section. The coverage herein required shall not be applicable where any insured named in the policy shall reject the coverage in writing and provided further, that unless the named insured requests such coverage in writing, such coverage need not be provided in any renewal policy where the named insured had rejected the coverage in connection with a policy previously issued to him by the same insurer.
Mississippi Code Annotated Section 83-11 — 103(c)(iii), provides:
c) The term “uninsured motor vehicle” shall mean:
(iii) An insured motor vehicle, when the liability insurer of such vehicle has provided limits of bodily injury liability for its insured which are less than the limits applicable to the injured person provided under his uninsured motorist coverage.
¶ 16. The Mississippi Supreme Court has consistently provided that, as set forth in the statute, underinsured motorist coverage is determined solely by a comparison of the tortfeasor’s liability coverage and the personal coverage carried by, or available to the injured party. Fid. & Guar. Underwriters, Inc. v. Earnest, 699 So.2d 585 (¶¶ 16-20) (Miss.1997). This was the standard applied by the trial court.
¶ 17. Byrd did not demonstrate that Ellis was an underinsured motorist under this standard, nor has she demonstrated good reason to abandon that standard.
¶ 18. This Court finds no merit in this issue.
¶ 19. THE JUDGMENT OF THE JACKSON COUNTY CIRCUIT COURT *1096 IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
BRIDGES, P.J., THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ„ CONCUR. SOUTHWICK, P.J., NOT PARTICIPATING.